| | |
|---|---|
| 1 | WILLIAM F. SULLIVAN (SB# 78353) |
|   | williamsullivan@paulhastings.com |
| 2 | JOHN S. DURRANT (SB# 217345) |
|   | johndurrant@paulhastings.com |
| 3 | KATHRYN C. WANNER (SB# 269310) |
|   | kathrynwanner@paulhastings.com |
| 4 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
|   | 515 South Flower Street |
| 5 | Twenty-Fifth Floor |
|   | Los Angeles, CA  90071-2228 |
| 6 | Telephone:  (213) 683-6000 |
|   | Facsimile:  (213) 627-0705 |
| 7 | |
| 8 | Attorneys for Defendants |
|   | The Bear Stearns Companies LLC; J.P. Morgan |
|   | Securities LLC; and J.P. Morgan Clearing Corp. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vivine H. Wang,<br><br>          Plaintiff,<br><br>     vs.<br><br>The Bear Stearns Companies LLC (formerly known as The Bear Stearns Companies, Inc.); J.P. Morgan Securities LLC (formerly known as Bear, Stearns & Co., Inc.); J.P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities Corp.); Deloitte & Touche LLP; Alan D. Schwartz; Alan C. Greenberg; Joey Zhou; Garrett Bland,<br><br>          Defendants. | CASE NO. CV11-02624 PSG (SSx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR A STAY AND AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**<br><br>[Declaration of J. Durrant and [Proposed] Order filed and served concurrently herewith]<br><br>Judge:  Hon. Philip S. Gutierrez<br>Dept.  880<br>Complaint Served :  April 4, 2011<br>Current Response Date:  April 25, 2011<br>New Response Date:  TBD<br><br>Trial Date:          TBD |

TO THE COURT, PLAINTIFF VIVINE H. WANG ("PLAINTIFF") AND HER COUNSEL OF RECORD:

Defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, and J.P. Morgan Clearing Corp. ("Defendants") hereby apply *ex parte* to this Court for an Order staying this action and extending the time to answer or otherwise respond to Plaintiff's Complaint until thirty (30) days after the United States Judicial Panel on Multidistrict Litigation has determined whether this matter should be transferred to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings with *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963.

This Application is made following the conference of counsel which took place on April 20, 2011. Counsel for Plaintiff declined to stipulate to the relief requested and has indicated he will oppose this Application.

This Application is based on this Application, the Memorandum of Points and Authorities in support hereof, the Declaration of John S. Durrant in support hereof, the pleadings, records and files in this action, those matters of which this

Court may take judicial notice; and on such further evidence and argument as may be presented prior to or at the time of any hearing on this matter.

DATED:  April 21, 2011         WILLIAM F. SULLIVAN
                               JOHN S. DURRANT
                               KATHRYN C. WANNER
                               PAUL, HASTINGS, JANOFSKY & WALKER LLP


                        By:    /s/ John S. Durrant
                                    JOHN S. DURRANT

                        Attorneys for Defendants
                        The Bear Stearns Companies LLC; J.P. Morgan
                        Securities LLC; and J.P. Morgan Clearing Corp.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In April 2008, counsel for plaintiff Vivine Wang ("Plaintiff") filed a Complaint on behalf of Vivine's husband, H. Roger Wang, against The Bear Stearns Companies Inc. ("Bear Stearns") and certain other defendants. That case was removed to this Court. *See H. Roger Wang v. The Bear Stearns Companies Inc. et al. Case No. CV 08-5523* ("*Roger Wang*"). On March 29, 2011, approximately three years after her husband filed *Roger Wang*, Vivine Wang filed a duplicative Complaint in this action. The Complaint in this case arises from the exact same alleged purchases and identical allegations as *Roger Wang*.

Following removal, *Roger Wang* was transferred to the United States District Court for the Southern District of New York for consolidated pretrial proceedings with related actions pending there by Order of the Judicial Panel for Multidistrict Litigation ("MDL Panel"). *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963.

In looking at *Roger Wang* and this case in relation to the MDL process, there is an unmistakable sense of *déjà vu*. In *Roger Wang*, as here, Plaintiff's counsel sought to avoid the transfer of the action by the MDL Panel. On April 11, 2011, the MDL Panel issued a Conditional Transfer Order ("CTO") in this case because of the common questions of fact this case shares with the related actions (including *Roger Wang*) currently pending in the Southern District of New York. (Declaration of John S. Durrant ("Durrant Decl."), Ex. A).

As happened in *Roger Wang*, Plaintiff's counsel has indicated his intention to oppose transfer of the action and move to vacate the CTO. Once again, Plaintiff's counsel has refused to agree to a stay of the action pending the resolution of Plaintiff's objection to transfer, and has attempted to place unreasonable conditions on attempts to extend Defendants' time to respond to the Complaint.

1  This Court twice granted defendants' *ex parte* applications to extend time to
2  respond in *Roger Wang* (Durrant Decl., Exs. B and C), and in fact stayed the action
3  pending a final determination on transfer by the MDL Panel. Durrant Decl., Ex. D.
4  The Court should do the same in this case.
5  Defendants therefore respectfully apply to this Court for an Order staying this
6  action and extending Defendants' time to answer or otherwise respond to Plaintiff's
7  Complaint until thirty (30) days after the MDL Panel has determined whether this
8  matter should be transferred to the Southern District of New York.
9  This *ex parte* Application is made pursuant to Local Rule 7-19 and FED. R.
10 CIV. PROC. 6(b), on the grounds that good cause exists for granting this application.
11 Granting this *ex parte* application would avoid a waste of resources (both of this
12 Court and of the parties) on a case that has a very high probability of not
13 proceeding any further in this forum (due to the strong likelihood that the MDL
14 Panel will transfer this action to the Southern District of New York over Plaintiff's
15 objection, as it did in *Roger Wang*.).[1]

16 **II.    BACKGROUND**

17 Plaintiff filed her Complaint in this action on March 29, 2011 [Docket No. 1],
18 and served Defendants on April 4, 2011. Durrant Decl. ¶2.  Subsequently, on
19 April 11, 2011 the clerk of the MDL Panel issued and entered a CTO transferring
20 this matter to the United States District Court for the Southern District of New York
21 for coordinated or consolidated pretrial proceedings with the Bear Stearns MDL
22 Litigation. Durrant Decl. ¶3, Ex. A.  On April 18, 2011, Plaintiff filed a notice of
23 opposition to the CTO with the Clerk of the MDL Panel. Durrant Decl. ¶7, Ex. E.
24 Pursuant to the briefing schedule set by the MDL Panel, Plaintiff's motion to vacate

---

[1] By filing this *ex parte* Application, Defendants do not waive their rights to seek from Plaintiff or the Court additional adjournments or extensions of filing deadlines; nor does this Application waive, and the Defendants expressly preserve, all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue and arbitrability.

-2-   EX PARTE APPLICATION FOR A STAY AND EXTENSION OF TIME

the CTO and brief in support thereof are due on May 2, 2011, and Defendants' response is due May 24, 2011. *Id.*

The deadline to answer or otherwise respond to Plaintiff's Complaint is April 25, 2011. Durrant Decl. ¶2. Consequently, any answer or other response to the Complaint would be required well before Plaintiff has filed her motion to vacate the CTO and the MDL Panel has ruled on Plaintiff's motion to vacate the CTO.

This action is related to fourteen other individual or putative class actions for violations of federal and/or state securities laws pending in the Southern District of New York for consolidated or coordinated proceedings before the Honorable Robert W. Sweet pursuant to the August 18, 2008 order by the MDL Panel (the "Multidistrict Securities Litigation"). *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963.[2] All of the actions in the Multidistrict Securities Litigation share common questions of fact with this action, and have been consolidated or coordinated by the Honorable Robert W. Sweet. A consolidated putative class action complaint was filed by Lead Plaintiff in the Multidistrict Securities Litigation in February 2009, and Defendants' motions to dismiss the consolidated complaint were denied by Judge Sweet on January 19, 2011. *In re The Bear Stearns Cos., Inc. Sec. Litig.*, 08 MDL 1963; 08 Civ. 2793 (RWS).

---

[2] *Eastside Holdings Inc.* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 2793 (S.D.N.Y.); *Becher* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 2866 (S.D.N.Y.); *Starace* v.   *The Bear Stearns Cos. Inc., et al.*, 08 Civ 1178 (E.D.N.Y.); *Greek Orthodox Archdiocese Foundation, et al.* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 3013 (S.D.N.Y.); *Schwartz* v. *Bear Stearns Cos. Inc., et al.*, No. 08 Civ. 4972 (S.D.N.Y.) ; *Bransbourg* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 5054 (S.D.N.Y.); *Rand* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 2269 (S.D.N.Y.); *Zicherman* v. *The Bear Stearns Cos. Inc., et al.*, 08 Civ 6995 (S.D.N.Y.); *Wang* v. *The Bear Stearns Companies Inc. et al.*, 08 Civ. 5523 (S.D.N.Y.); *Kentmill Investments Ltd.* v. *The Bear Stearns Companies Inc.*, 09 Civ. 0169 (S.D.N.Y.); *Crowe* v. *JP Morgan Chase & Co.*, 09 Civ. 0778 (S.D.N.Y.); *Ulie* v. *The Bear Stearns Companies Inc.*, 09 Civ. 2050 (S.D.N.Y.); *Financial Trust Company, Inc.* v. *The Bear Stearns Companies Inc.*, 09 Civ. 0106 (S.D.N.Y.); *Sherman v. The Bear Stearns Cos. Inc.*, 09 Civ. 8161 (S.D.N.Y.).

Plaintiff explicitly acknowledges that she is an "opt out" member of the putative class in the Multidistrict Securities Litigation, and incorporates allegations from the consolidated securities complaint into her Complaint by reference.

On April 10, 2008, Plaintiff's husband, H. Roger Wang, filed a complaint substantially similar to Plaintiff's Complaint—based on the same factual allegations and same alleged purchases of Bear Stearns stock—in Superior Court of the State of California, County of Los Angeles. On July 23, 2008, Mr. Wang filed his First Amended Complaint, which included for the first time a putative class action claim based on previously alleged violations of California securities laws. Defendants removed the action to this Court on August 22, 2008, pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2). On September 22, 2008, the MDL Panel issued a CTO transferring *Roger Wang* to the Southern District of New York for coordinated or consolidated proceedings with the related actions pending there. Mr. Wang's counsel—the same counsel representing Plaintiff in this action—filed a motion to vacate the CTO on October 21, 2008. Following briefing on the motion, the MDL Panel overruled Mr. Wang's objection to transfer, holding:

> [W]e find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action . . . will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.
>
> . . . .
>
> Inclusion of the present claims in MDL No. 1963 has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that prevents repetition of previously considered matters and allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. Transfer will also minimize the risk of inconsistent rulings, including those with respect to class certification issues.

MDL Panel Transfer Order, Feb. 4, 2009. Prior to obtaining an *ex parte* stay of the action from this Court on October 14, 2008 pending the MDL Panel's

ultimate transfer of *Roger Wang* over Mr. Wang's objection, defendants had previously sought and received two *ex parte* extensions of time to respond to Mr. Wang's complaint on September 22, 2008 and August 27, 2008, following refusals by the Wangs' counsel to provide defendants with necessary extensions pending resolution of the MDL transfer process. Durrant Decl., Exs. B and C.

### III. DEFENDANTS DILIGENTLY ATTEMPTED TO REACH A NEGOTIATED AGREEMENT PRIOR TO FILING THIS APPLICATION

Defendants initially attempted to resolve this issue without the need to involve the Court in this *ex parte* process.  On April 14, 2011 counsel for Defendants contacted Mohammed Ghods, counsel for Plaintiff, to propose a stipulation to stay the case pending resolution of the CTO.  Durrant Decl. ¶8.  Counsel for Plaintiff rejected this proposal but agreed to stipulate to extend Defendants' time to answer or otherwise respond to the Complaint, by sixty (60) days, to June 24, 2011, acknowledging that additional extensions might be required.  *Id.*

This was a less than optimal agreement for Defendants, since the briefing schedule on Plaintiff's opposition to transfer virtually ensured that at least one additional extension of time would be required prior to final transfer of the action, but Defendants agreed in order to avoid involving the Court in this matter.  During that call, counsel for Defendants was clear that they could only stipulate on behalf of the parties that had been served, the Defendants and defendant Deloitte & Touche, and that they did not currently represent the individual named defendants (Alan D. Schwartz, Alan C. Greenberg, Joey Zhou, and Garrett Bland), who had not been served.  *Id.*

After agreeing, counsel for Plaintiff then sought to add "strings" to the agreement.  First, it sought to have counsel for Defendants agree to stipulate to the extension on behalf of *all* defendants, including the individual defendants.  Durrant

-5-   EX PARTE APPLICATION FOR A STAY AND EXTENSION OF TIME

Decl. ¶9.  Counsel for Plaintiff ultimately relented on this point, because counsel for Defendants simply could not stipulate on behalf of parties they did not represent.  Durrant Decl. ¶10.

Based upon the apparent agreement, Defendants drafted a Stipulation and Proposed Order extending Defendants' time to respond to the Complaint by sixty (60) days. The Stipulation contained a standard provision, reserving the parties' rights to seek additional extensions of deadlines and to preserve all claims and defenses relating to jurisdiction, venue, and arbitrability:

> Neither Plaintiff nor Defendants waive their rights to seek from each other or the Court additional adjournments or extensions of the above deadline; and the entry into this agreement and submission of this stipulation shall not waive, and the parties expressly preserve, all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.  Neither Plaintiff nor Defendants waive their right to contest the propriety of responding to the Complaint in advance of the MDL Panel's decision regarding transfer of the matter.

Durrant Decl. ¶11, Ex. F.

On April 19, 2011, counsel for Plaintiff tried to add another string to the agreement, when it returned the Stipulation and Proposed Order concerning the extension.  Counsel for Plaintiff removed the language reserving the parties' rights to seek additional extensions and preserving all otherwise existing claims and defenses.  Durrant Decl. ¶13, Ex. G.

Thereafter, counsel for Defendants sought to meet and confer with counsel for Plaintiff concerning the removal of the reservation of rights paragraph in the stipulation.  In compliance with Local Rule 7-19.1, counsel for Defendants repeatedly sought to contact counsel via email and telephone regarding this issue, using the following contact information:

> Mohammed Ghods, Esq.
> Ghods Law Firm
> 2100 N. Broadway

Suite 300
Santa Ana, California 92706
Tel: (714) 558-8580
Fax: (714) 558-8579
mghods@ghodslaw.com

Durrant Decl. ¶14, Ex. H; *Id.* at ¶15, Ex. I.

Counsel for Plaintiff was slow to respond to these repeated attempts to contact him. *Id.* Counsel for Defendants emailed counsel for Plaintiff repeatedly. Durrant Decl. ¶¶14 and 15. In a telephone message left for Plaintiff's counsel at 1:05 p.m. on April 20, 2011, Defendants' counsel Kathryn C. Wanner informed Plaintiff's counsel: (1) that Defendants intended to file this Application, (2) described the substance of this Application, (3) identified the relief requested herein, and (4) noted that any opposing papers must be filed no later than 3 p.m. of the business day following service. Durrant Decl. ¶15. At 3:00 p.m. John Durrant, counsel for Defendants, followed up this voicemail with an email regarding the same. *Id.,* Ex. I.

Finally, counsel for Defendants was able to contact counsel for Plaintiff via telephone on the afternoon of April 20, 2011. During that call, counsel for Plaintiff indicated that he would only agree to the 60-day extension, if the Stipulation excluded language preserving the parties' rights. Counsel for Plaintiff said that he thought some issues (*e.g.*, arbitrability) had already been waived by Defendants in earlier, unrelated proceedings. Durrant Decl. ¶16. In fact, even if that was true, the plain language of the Stipulation clearly would not revive any such previously waived rights. *Id.* The Stipulation merely said that the Stipulation itself would not waive any rights – *i.e.*, would preserve the *status quo*. Nevertheless, counsel for Plaintiff insisted on removing the waiver language.[3] *Id.*

---

[3] Subsequently, at 9:05 p.m on April 20, 2011 Counsel for Defendants informed Plaintiff's counsel that Defendants would be filing this *ex parte* application on April 21, 2011 not April 20, 2011. Durrant Decl. ¶17, Ex. J.


## IV. THE COURT HAS SOUND LEGAL GROUNDS FOR GRANTING THE REQUESTED RELIEF

The Court may grant Defendants' request to stay this matter in the interests of judicial efficiency and economy. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 81 L. Ed. 153, 158, 57 S. Ct. 163, 166 (1936) (finding that a court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Similarly this Court may grant an extension of time to respond to the Complaint upon a showing of good cause. FED. R. CIV. P. 6(b)(1)(A). Here, good cause exists for both a stay and an extension of time to respond, because both will promote judicial economy, prevent the risk of prejudice to Defendants, and will not prejudice Plaintiff.

The resources of this Court are most efficiently used if it is first determined whether this action is properly before this Court or before the Southern District of New York. *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). As indicated above, it is very likely that this matter will be transferred to the Bear Stearns MDL Litigation. This Court is not served by having to receive and process filings that may prove duplicative of the Bear Stearns MDL Litigation, and thus unnecessary.

Absent an extension of time to respond to the Complaint, Defendants will face possible prejudice, because this litigation is likely to be transferred to the Bear Stearns MDL Litigation. Should the Defendants have to respond to Plaintiff's Complaint, it would be a doubling-up of efforts that is antithetical to the purpose of multidistrict litigation, which is to promote "centralized management . . . of pretrial proceedings" and the "just and efficient" administration of such litigation.

H.R.Rep.No. 1130, 90th Cong., 2d Sess., reprinted in 2 U.S. Code Cong. & Admin. News, pp. 1898, 1899-1900 (1968); *see In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1229-30 (9th Cir. 2006) ("[t]he goal of the multidistrict litigation process is to 'promote the just and efficient conduct' of 'civil actions involving one or more common questions of fact' that are pending in different districts.") (citing 28 U.S.C. § 1407(a)). Thus, to avoid judicial inefficiency and prejudice to Defendants, this Court should grant this application to stay the proceedings pending resolution of the CTO and extend time to answer or otherwise respond to the Complaint by thirty (30) days after the CTO's resolution.

Furthermore, Plaintiff will suffer no prejudice as a result of the Court granting this Application. During the stay of the proceedings, Plaintiff will not be required to expend any resources or face any other undue burdens. As such, the burden on Defendants of having to respond both to this Complaint and the Bear Stearns MDL Litigation outweighs any detriment that Plaintiff will suffer from a brief delay.

## V.   CONCLUSION

For each the foregoing reasons, in the interest of judicial economy and justice, Defendants respectfully request that this action be stayed pending resolution of the CTO and that Defendants' time within which to answer, move against, or

|     |     |     |
| --- | --- | --- |
| 1   | otherwise respond to the Complaint be extended until thirty (30) days after the CTO |
| 2   | is resolved by the Multidistrict Panel. |

DATED:  April 21, 2011      WILLIAM F. SULLIVAN
                            JOHN S. DURRANT
                            KATHRYN C. WANNER
                            PAUL, HASTINGS, JANOFSKY & WALKER LLP


                            By:   /s/ John S. Durrant
                                       JOHN S. DURRANT

                            Attorneys for Defendants
                            The Bear Stearns Companies LLC; J.P. Morgan
                            Securities LLC; and J.P. Morgan Clearing Corp.

LEGAL_US_W # 67809161.4