1  GHODS LAW FIRM
   Mohammed K. Ghods (SBN 144616)
2  William A. Stahr (SBN 167870)
   Jeremy A. Rhyne SBN 217378)
3  2100 N. Broadway, Ste. 300
   Santa Ana, CA 92706
4  Telephone:   (714) 558-8580
   Facsimile:   (714) 558-8579
5
   Attorney for Plaintiff
6  *VIVINE H. WANG*

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  VIVINE H. WANG, an individual,        Case No. CV11-02624 PSG (SSx)

12              Plaintiff,                 [Assigned by all Purposes to the Honorable
                                           Philip S. Gutierrez]
13        v.
                                           **PLAINTIFF'S OPPOSITION TO *EX PARTE***
14  THE BEAR STEARNS COMPANIES            **APPLICATION FOR STAY OF CASE BUT**
    LLC, a Delaware limited liability     **NOT TO GRANT OF REASONABLE**
15  company formerly known as The Bear    **EXTENSION OF TIME TO RESPOND TO**
    Stearns Companies Inc.; J.P.          **COMPLAINT; DECLARATION OF**
16  MORGAN SECURITIES LLC, a              **MOHAMMED K. GHODS IN SUPPORT**
    Delaware limited liability company    **THEREOF**
17  formerly known as Bear, Stearns &
    Co., Inc.; J.P. MORGAN CLEARING
18  CORP, a Delaware corporation
    formerly known as Bear, Stearns
19  Securities Corp.; DELOITTE &
    TOUCHE LLP, a limited liability
20  partnership; ALAN D. SCHWARTZ, an
    individual; ALAN C. GREENBERG, an
21  individual; JOEY ZHOU, an individual;
    and GARRETT BLAND, an individual,
22
                Defendants.
23

24

25        Plaintiff VIVINE H. WANG ("Plaintiff") responds to the *Ex Parte* Application

26  brought by Defendants THE BEAR STEARNS COMPANIES LLC, J.P.MORGAN

27  SECURITIES LLC and J.P. MORGAN CLEARING CORP ("Bear Stearns Defendants"),

28                                    - 1 -

which is joined in by Defendant Deloitte & Touche LLP ("Deloitte"), as follows:

1.     This *ex parte* application was completely unnecessary and violates the Court's local rules regarding same.  As will be shown below, these defendants are reneging on an agreement they already made for an extension of time.The purported emergency has been caused by the Bear Stearns Defendants for no reason at all.  *Ex parte* applications are designed solely for extraordinary relief.  *See Mission Power Eng. Co. v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D.Cal. 1995).

2.     As alleged in her complaint, Plaintiff Mrs. Wang has been defrauded out of millions of dollars by the defendants named in this action.

3.     Soon after Plaintiff's complaint was filed and served on the Bear Stearns Defendants and Deloitte, on April 4, 2011, the Bear Stearns Defendants (and two of the four individuals named as defendants in this case) filed and served a Notice of Tag Along Action with the Judicial Panel on Multi-District Litigation ("MDL").  (*See* Exhibit "A" attached to the Declaration of Mohammed K. Ghods (hereinafter "Ghods Declaration".)

4.     This notice signified Defendants' intention to litigate (as opposed to arbitrate) Mrs. Wang's claim as part of the MDL proceedings.  Mrs. Wang recently opted out of the MDL class actions by filing her own action. Defendants are trying to force her to litigate in New York instead of her home court.  It is understandable, but not excusable, that Defendants wish to push Mrs. Wang back in to the MDL litigation. Unfortunately, that will result in a further delay in attending to the merits of Mrs. Wang's claim against them.

5.     On or about April 12, 2011, the attorney for the Bear Stearns Defendants, Mr. John Durrant, contacted Plaintiff's counsel, Mr. Ghods, to discuss the time fame for filing of responsive pleadings by these Defendants.  Mr. Ghods and Mr. Durrant had several discussions and email exchanges regarding a possible stay of the action versus extensions of time to file responsive pleadings.

6.     With respect to the stay of action, Mr. Durrant represented to Mr. Ghods

- 2 -

that he did not represent all of the parties named in the action.  Therefore, the parties were not able to reach a stipulation regarding a stay.

7.     With respect to extension of time, Mr. Ghods and Mr. Durrant did reach an agreement that was confirmed by Mr. Durrant as follows:

> Mohammed:
>
> Following up on our call on Tuesday, the defendants that have been served (i.e., the Bear and JP Morgan entities and Deloitte) have authorized me to accept your modified proposal regarding the response date to the complaint -- a 60-day extension of the time to respond to the Complaint, which could be extended by further agreement by the parties or court order.  While they would have preferred an indefinite extension keyed off the resolution of the transfer issue, this seems like a sensible compromise that avoids us involving the Court at this early juncture.  We will prepare a stipulation and order and circulate it.  Feel free to call or email if you have any questions.
>
> Regards,
>
> John

(A true and correct copy of the email dated April 14, 2011 from Mr. Durrant to Mr. Ghods is attached as Exhibit "B" to the Ghods Declaration.)

8.     Unfortunately, the stipulation that was prepared by the defendants did not simply confirm the agreement that was reached.  Instead, it overreached into unrelated areas such non-waiver of arbitrability, etc.   Plaintiff's counsel informed Defendants' counsel that the extension of time was agreeable but the surplusage language needed to be removed from the parties stipulation.  (A true and correct copy of the email dated April 19, 2011 from Mr. Ghods' office to Mr. Durrant's office is attached Exhibit "C" to the Ghods Declaration.)

9.     In an illogical turn of events, the Bear Stearns Defendants -- who in the first place had added the unnecessary language to a simple stipulation to extend time to respond -- accused Plaintiff's side of "attaching strings" to the stipulation.  As shown by

- 3 -

1    Mr. Durrant's email of April 14, Exhibit "B", Plaintiff had not attached any strings.

2    Defendants did.  Defendants did not want to simply memorialize an extension of time as

3    had been agreed upon.

4         10.    Tellingly, the language of the "Proposed Order" submitted by the

5    Defendants in connection with the extension of time does not contain the excess

6    language they included in the stipulation.  Defendants know all too well that the extra

7    language placed in their draft of the stipulation for extension of time was unnecessary

8    and in fact is not part of the relief they are seeking from this Court.

9         11.    Perhaps realizing the Court may well consider abusive an *ex parte* to

10   obtain the extension of time on these facts, Defendants have switched tracks and are

11   asking for the greater relief of a complete stay of the case.  This request is also abusive.

12   Plaintiff has not been given due notice of a motion for a stay of case and nor a fair

13   opportunity to address the related issues.  The purpose of the *ex parte* procedure is not

14   to unduly prejudice the parties.  These Defendants are well aware that there other

15   parties to this case that they do not represent.  A total stay of the case will further and

16   unnecessarily delay the prosecution of Mrs. Wang's claims.  In this case, Plaintiff agreed

17   to what Defendants' also called a "sensible" extension of time that will protect these

18   Defendants' interests.  Most importantly, Defendants expressly agreed to the extension

19   of time.

20        12.    Plaintiff submits this *ex parte* is unwarranted and if the Court, out of grace,

21   were to grant any relief to Defendants it should simply hold them to their agreement for

22   extension of time, to wit:  the Defendants the Bear and JP Morgan entities and Deloitte

23   //

24   //

25   //

26   //

27   //

28                                         - 4 -

1    shall have a 60-day extension of the time to respond to the Complaint, which extension

2    could be extended by further agreement by the parties or court order.  Plaintiff has

3    submitted a proposed order to this effect in the event the Court chooses to grant this

4    relief.

5                                                        Respectfully submitted

6    DATED:  April 22, 2011                    GHODS LAW FIRM

7

8                                                        By:_____

9                                                              MOHAMMED K. GHODS
                                                             WILLIAM A. STAHR
                                                             JEREMY A. RHYNE
10                                                           *Attorneys for Plaintiff*
                                                             *VIVINE H. WANG*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              - 5 -

28

### DECLARATION OF MOHAMMED K.GHODS

I, MOHAMMED K. GHODS, declare as follows:

1. I am an attorney duly licensed to practice law in all the courts of the State of California. I represent the Plaintiff, Mrs. Vivian H. Wang, in this matter. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently and truthfully testify to thereto.

2. On or about April 4, 2011, the Bear Stearns Defendants (and two of the four individuals named as defendants in this case) filed and served a Notice of Tag Along Action with the Judicial Panel on Multi-District Litigation ("MDL"), a true and correct copy of the Notice is attached as Exhibit "A" hereto.

3. On or about April 12, 2011, the attorney for the Bear Stearns Defendants, Mr. John Durrant, contacted me to discuss the time fame for filing of responsive pleadings by his clients. We had discussions and email exchanges regarding a possible stay of the action versus extensions of time to file responsive pleadings.

4. With respect to the stay of action, Mr. Durrant represented to me that he did not represent all of the parties named in the action. Therefore, we were not able to reach a stipulation regarding a stay.

5. With respect to extension of time, we did reach an agreement that was confirmed by Mr. Durrant as follows:

> Mohammed,
>
> Following up on our call on Tuesday, the defendants that have been served (i.e., the Bear and JP Morgan entities and Deloitte) have authorized me to accept your modified proposal regarding the response date to the complaint -- a 60-day extension of the time to respond to the Complaint, which could be extended by further agreement by the parties or court order. While they would have preferred an indefinite extension keyed off the resolution of the transfer issue, this seems like a sensible compromise that avoids us involving the Court at this early juncture. We will prepare a stipulation and order and circulate it. Feel free to call or email if you have any questions.

- 6 -

Regards,

John

(A true and correct copy of the email dated April 14, 2011 from Mr. Durrant to me is attached as Exhibit "B" hereto.)

6.    Unfortunately, the stipulation that was prepared by the defendants did not simply confirm the agreement that was reached.  Instead it overreached into unrelated areas such non-waiver of arbitrability etc.  Mr. Durrant and I had subsequent discussions and email exchanges on this point as well.  We informed Mr. Durrant that the extension of time was agreeable but the surplusage language needed to be removed from the parties stipulation. My office sent the stipulation draft back lining out the unnecessary language that needed to be removed.  (A true and correct copy of the email dated April 19, 2011 from my office to Mr. Durrant's office is attached Exhibit "C" hereto.)

7.    In my conversations with Mr. Durrant, I informed Mr. Durrant that I believed it was illogical for the Bear Stearns Defendants to add unnecessary language to a simple stipulation to extend time to respond to a complaint and certainly more illogical to accuse the Plaintiff's side of "attaching strings" to the stipulation.  I can advise the Court that we did not attach any strings to the extension of time.  Defendants did.

8.    My office has not received any notice of motion for a stay of the case.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed this 22nd day of April 2011, at Santa Ana, California.

MOHAMMED K. GHODS

- 7 -

EXHIBIT A

EXHIBIT A

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: THE BEAR STEARNS COMPANIES INC., SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | MDL DOCKET NO. 1963 |

## <u>RULE 7.1 NOTICE OF POTENTIAL TAG-ALONG ACTION</u>

TO THE CLERK OF THE PANEL:

Pursuant to Rule 7.1(a) of the United States Judicial Panel on Multidistrict Litigation (the "Panel") Rules of Procedure, The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.) ("Bear Stearns") hereby notifies the Clerk of the Panel of the following potential tag-along action in which Bear Stearns has been named:

> *Vivine H. Wang* v. *The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joey Zhou, and Garrett Bland,* 11 CV 02624 (the "Vivine Wang Action")

The Vivine Wang Action is currently pending in the United States District Court for the Central District of California ("C.D. Cal.") and has been assigned to the Honorable Percy Anderson.  A true and correct copy of the docket and plaintiff's complaint filed in this action is attached hereto as Exhibit A.

**EXHIBIT A _ Page 8**

The Vivine Wang Action shares common questions of fact with related actions assigned to The Honorable Robert W. Sweet in the United States District Court for the Southern District of New York ("S.D.N.Y.") pursuant to the Panel's August 18, 2008 Order in *In Re: The Bear Stearns Companies Inc., Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL-1963, and Ms. Wang expressly alleges that she is an opt-out from the putative securities class action before Judge Sweet and incorporates allegations from the consolidated securities complaint into her complaint by reference. *In re The Bear Stearns Cos., Inc. Sec. Litig.*, 08 MDL 1963; 08 Civ. 2793 (RWS).

Signficantly, the Vivine Wang Action alleges identical facts, and is based on the identical alleged purchases of Bear Stearns stock, as *H. Roger Wang* v. *The Bear Stearns Companies Inc., Bear, Stearns & Co. Inc., Bear Stearns Securities Corp., Joey Zhou, and Garrett Bland*, 08 CV 05523 (the "Roger Wang Action"), an action filed by Ms. Wang's husband that was transferred from the C.D. Cal. to Judge Sweet in the S.D.N.Y. pursuant to the Panel's February 4, 2009 Transfer Order.  True and correct copies of the Panel's February 4, 2009 Transfer Order and the complaint filed in the Roger Wang action are attached hereto as exhibits B and C respectively.

Dated: April 4, 2011
    New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

 /s/ Eric S. Goldstein
Brad S. Karp (bkarp@paulweiss.com)
Eric S. Goldstein (egoldstein@paulweiss.com)

1285 Avenue of the Americas

New York, NY  10019-6064
Telephone:  212-373-3000
Facsimile:  212-492-0148

*Attorneys for The Bear Stearns Companies LLC, J.P.*
*Morgan Securities LLC, J.P. Morgan Clearing Corp.,*
*Joey Zhou, and Garrett Bland*

EXHIBIT B

EXHIBIT B

# Vivine Wang v. Bear Stearns, et al. -- response date to complaint

11 messages

---

**Durrant, John S. <JohnDurrant@paulhastings.com>**                      Thu, Apr 14, 2011 at 1:46 PM
To: mghods@ghodslaw.com
Cc: "Wanner, Kathryn C." <kathrynwanner@paulhastings.com>

Mohammed,

Following up on our call on Tuesday, the defendants that have been served (i.e., the Bear and JP Morgan entities and Deloitte) have authorized me to accept your modified proposal regarding the response date to the complaint -- a 60-day extension of the time to respond to the Complaint, which could be extended by further agreement by the parties or court order.  While they would have preferred an indefinite extension keyed off the resolution of the transfer issue, this seems like a sensible compromise that avoids us involving the Court at this early juncture.  We will prepare a stipulation and order and circulate it.  Feel free to call or email if you have any questions.

Regards,
John

**EXHIBIT B – Page 11**

EXHIBIT C

# EXHIBIT C

https://mail.google.com/mail/?ui=2&view=bsp&ver=ohhl4rw8mbn4

**From:** Judith Duenes [mailto:judith.duenes@gmail.com] **On Behalf Of** Judith
**Sent:** Tuesday, April 19, 2011 12:12 PM
**To:** Durrant, John S.
**Cc:** wstahr@ghodslaw.com; rlopez@ghodslaw.com
**Subject:** Vivine Wang v. The Bear Stearns Companies, et al. [Stip and propose attached]
**Importance:** High

Attached is the revised stipulation and proposed order acceptable to us.  Please drafts and email back for signature.

Thank you for your attention.

Judi Duenes
Assistant to William A. Stahr, Esq.


Judith Duenes
GHODS LAW FIRM
2100 N. Broadway
Suite 300
Santa Ana, CA 92706
Tel: (714) 558-8580
Fax: (714) 558-8579
jduenes@ghodslaw.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by th inform you that any tax advice that may be contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpo avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing recommending to another party any transaction(s) or tax-related matter(s) that may b herein.


This e-mail communication (including any attachments) may contain legally privileged confidential information intended solely for the use of the intended recipient. If you a intended recipient, you should immediately stop reading this message and delete it f system. Any unauthorized reading, distribution, copying or other use of this communi attachments) is strictly prohibited.

```
*****************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*****************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.
```

**EXHIBIT C - Page 12**

**2 attachments** — Download all attachments

**Wang-Bear-Stipulation.pdf**
260K   View   Download

**Wang-Bear-Re Order.pdf**
182K   View   Download

4/22/2011 11:26 AM

EXHIBIT C — Page 13

1  WILLIAM F. SULLIVAN (SB# 78353)
   williamsullivan@paulhastings.com
2  JOHN S. DURRANT (SB# 217345)
   johndurrant@paulhastings.com
3  KATHRYN C. WANNER (SB# 269310)
   kathrynwanner@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; and J.P.
   Morgan Clearing Corp.
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13  Vivine H. Wang,                     CASE NO. CV11-02624 PSG (SSx)

14          Plaintiff,                  STIPULATION TO EXTEND TIME
                                        FOR DEFENDANTS TO ANSWER
15      vs.                             THE COMPLAINT

16  The Bear Stearns Companies LLC      [[Proposed] Order filed and served
    (formerly known as The Bear Stearns concurrently herewith]
17  Companies, Inc.); J.P. Morgan
    Securities LLC (formerly known as   Judge: Hon. Philip S. Gutierrez
18  Bear, Stearns & Co., Inc.); J.P. Morgan Department: 880
    Clearing Corp. (formerly known as   Complaint Served:  April 4, 2011
19  Bear, Stearns Securities Corp.);    Current Response Date:  April 25, 2011
    Deloitte & Touche LLP; Alan D.      New Response Date:  June 24, 2011
20  Schwartz; Alan C. Greenberg; Joey
    Zhou; Garrett Bland,                Trial Date:  TBD
21
            Defendants.
22

23

24

25

26

27

28

                                        STIPULATION TO EXTENT TIME FOR
                                        DEFENDANTS TO ANSWER

EXHIBIT C – Page 14

1   **WHEREAS** the Complaint in this matter was filed on March 29, 2011;

2

3   **WHEREAS** defendants J.P. Morgan Securities LLC, J.P. Morgan Clearing

4   Corp., The Bear Stearns Companies LLC, and Deloitte & Touche LLP

5   ("Defendants") were served on April 4, 2011, making their responses to the

6   Complaint due on April 25, 2011;

7

8   **WHEREAS** on April 11, 2011 the United States Judicial Panel on

9   Multidistrict Litigation ("MDL Panel") issued and entered a Conditional Transfer

10  Order ("CTO") transferring this matter to the United States District Court for the

11  Southern District of New York for coordinated or consolidated pretrial proceedings

12  with *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee*

13  *Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963;

14

15  **WHEREAS** plaintiff Vivine H. Wang ("Plaintiff") filed a notice of

16  opposition to the CTO with the Clerk of the MDL Panel on April 18, 2011;

17

18  **WHEREAS** Plaintiff's motion to vacate the CTO and brief in support

19  thereof is due within fourteen days of April 18, 2011.

20

21   **IT IS HEREBY STIPULATED**, by and between Plaintiff and Defendants,

22  that Defendants' deadline for answering, or otherwise responding to the Complaint,

23  be extended by sixty (60) days to and including June 24, 2011.

24  ~~Neither Plaintiff nor Defendants waive their rights to seek from each other or~~

25  ~~the Court additional adjournments or extensions of the above deadline, and the~~

26  ~~entry into this agreement and submission of this stipulation shall not waive, and the~~

27  ~~parties expressly preserve, all rights, claims, and defenses, including, without~~

28  ~~limitation, all defenses relating to jurisdiction, venue and arbitrability. Neither~~

-1-      STIPULATION TO EXTEND TIME FOR
         DEFENDANTS TO ANSWER

**EXHIBIT C _ Page 15**

1   ~~Plaintiff nor Defendants waive their right to contest the propriety of responding to~~

2   ~~the Complaint in advance of the MDL Panel's decision regarding transfer of the~~

3   ~~matter.~~

4       **IT IS SO STIPULATED.**

5

6   DATED:  April _____, 2011

7

8                                          By: _____
                                                JOHN S. DURRANT
9
                                           Attorney for Defendants
10                                         The Bear Stearns Companies LLC; J.P. Morgan
                                           Securities LLC; and J.P. Morgan Clearing Corp.

11  DATED:  April ____, 2011

12

13                                         By: _____
                                                ROWAN D. WILSON
14
                                           Attorney for Defendant Deloitte & Touche LLP
15  DATED:  April ____, 2011

16

17                                         By: _____
                                                MOHAMMED GHODS
18
                                           Attorney for Plaintiff Vivine H. Wang
19

20  LEGAL_US_W # 67745475.2

21

22

23

24

25

26

27

28

                                    -2-
                                                     STIPULATION TO EXTEND TIME FOR
                                                     DEFENDANTS TO ANSWER

EXHIBIT C − Page 16

1   WILLIAM F. SULLIVAN (SB# 78353)
    williamsullivan@paulhastings.com
2   JOHN S. DURRANT (SB# 217345)
    johndurrant@paulhastings.com
3   KATHRYN C. WANNER (SB# 269310)
    kathrynwanner@paulhastings.com
4   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA 90071-2228
6   Telephone: (213) 683-6000
    Facsimile: (213) 627-0705
7
    Attorneys for Defendants
8   The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; and J.P.
    Morgan Clearing Corp.
9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13   Vivine H. Wang,                        CASE NO. CV11-02624 PSG (SSx)

14          Plaintiff,

15      vs.                                  **[PROPOSED] ORDER GRANTING
                                             EXTENSION OF TIME FOR
16   The Bear Stearns Companies LLC          DEFENDANTS TO ANSWER THE
     (formerly known as The Bear Stearns     COMPLAINT**
17   Companies, Inc.); J.P. Morgan
     Securities LLC (formerly known as       [Stipulation to Extend Time to Answer
18   Bear, Stearns & Co., Inc.); J.P. Morgan filed and served concurrently herewith]
     Clearing Corp. (formerly known as
19   Bear, Stearns Securities Corp.);        Judge: Hon. Philip S. Gutierrez
     Deloitte & Touche LLP; Alan D.          Department: 880
20   Schwartz; Alan C. Greenberg; Joey       Complaint Served: April 4, 2011
     Zhou; Garrett Bland,                    Original Response Date: April 25, 2011
21                                           New Response Date: June 24, 2011
            Defendants.
22                                           Trial Date: TBD

23

24

25

26

27

28

                                             [PROPOSED] ORDER EXTENDING
                                             DEFENDANTS' TIME TO ANSWER

EXHIBIT C – Page 17

1

2   **[PROPOSED] ORDER GRANTING EXTENSION OF TIME**

3       The parties, having STIPULATED AND AGREED, and for good cause

4   shown, the Court orders as follows:

5       ☞  The time of defendants The Bear Stearns Companies LLC; J.P.

6   Morgan Securities LLC; J.P. Morgan Clearing Corp.; and Deloitte & Touche LLP

7   ("Defendants") to respond to the Complaint in the above-captioned case is extended

8   sixty (60) days to and including June 24, 2011.

9   ~~2.   Neither plaintiff Irving H. Wang nor Defendants waive their~~

10  ~~rights to seek from each other or the Court additional adjournments or extensions of~~

11  ~~time or the right to take any position with respect to any matter, including, but not~~

12  ~~limited to, the Conditional Transfer Order pertaining to this matter issued by the~~

13  ~~United States Judicial Panel on Multidistrict Litigation on April 11, 2011; and the~~

14  ~~entry into this agreement and submission of this stipulation shall not waive, and the~~

15  ~~parties expressly preserve, all rights, claims, and defenses, including without~~

16  ~~limitation, all defenses relating to jurisdiction, venue, and arbitrability.~~

17  IT IS SO ORDERED.

18  DATED:

19

20

21

22          By: _____

23                  Hon. Philip S. Gutierrez

24

25  LEGAL_US_W # 67747570.1

26

27

28

                -1-         [PROPOSED] ORDER EXTENDING
                          DEFENDANTS' TIME TO ANSWER

EXHIBIT C — Page 18