WILLIAM F. SULLIVAN (SB# 78353)
williamsullivan@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
KATHRYN C. WANNER (SB# 269310)
kathrynwanner@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
The Bear Stearns Companies LLC; J.P. Morgan
Securities LLC; J.P. Morgan Clearing Corp.; Alan C.
Greenberg; Joe Yi Zhou; and Garrett Bland

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vivine H. Wang, <br><br> Plaintiff, <br><br> vs. <br><br> The Bear Stearns Companies LLC (formerly known as The Bear Stearns Companies, Inc.); J.P. Morgan Securities LLC (formerly known as Bear, Stearns & Co., Inc.); J.P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities Corp.); Deloitte & Touche LLP; Alan D. Schwartz; Alan C. Greenberg; Joey Zhou; Garrett Bland, <br><br> Defendants. | CASE NO. CV11-02624 PSG (SSx) <br><br> **INDIVIDUAL DEFENDANTS' JOINT *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** <br><br> [Declaration of J. Durrant and [Proposed] Order filed and served concurrently herewith] <br><br> Judge: Hon. Philip S. Gutierrez <br> Dept. 880 <br> Complaint Served: April 22, 24, and 28, 2011 <br> Current Response Date(s): May 13, 16, and 19, 2011 <br> New Response Date: TBD <br><br> Trial Date: TBD |

TO THE COURT, PLAINTIFF VIVINE H. WANG ("PLAINTIFF") AND HER COUNSEL OF RECORD:

Defendants Alan C. Greenberg, Joe Yi Zhou, Garrett Bland, and Alan D. Schwartz ("Individual Defendants") hereby jointly apply *ex parte* to this Court for an Order extending their time to answer or otherwise respond to Plaintiff's Complaint until June 24, 2011.

This Application is made following the conference of counsel which took place on May 9, 2011. As of 5:00 p.m. on May 9, 2011, Counsel for Plaintiff has not indicated whether he intends oppose this Application.

This Application is based on this Application, the Memorandum of Points and Authorities in support hereof, the Declaration of John S. Durrant in support hereof, the pleadings, records, and files in this action, those matters of which this

EX PARTE APPLICATION FOR AN
EXTENSION OF TIME

1   Court may take judicial notice; and on such further evidence and argument as may

2   be presented prior to or at the time of any hearing on this matter.

3

4   DATED: May 9, 2011          WILLIAM F. SULLIVAN
                                JOHN S. DURRANT
5                               KATHRYN C. WANNER
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP
6

7
                                By:   /s/ John S. Durrant
8                                           JOHN S. DURRANT

9                               Attorneys for Defendants
                                The Bear Stearns Companies LLC; J.P. Morgan
10                              Securities LLC; J.P. Morgan Clearing Corp.; Alan C.
                                Greenberg; Joe Yi Zhou; and Garrett Bland
11
12  DATED: May 9, 2011          ERIC S. WAXMAN
                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                LLP
13

14
                                By:   /s/ Eric S. Waxman
15                                          ERIC S. WAXMAN

16                              Attorneys for Defendant
                                Alan D. Schwartz
17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR AN
                                                       EXTENSION OF TIME

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On April 22, 2011, this Court granted in-part and denied in-part defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., and Deloitte & Touche LLP's (collectively, "Corporate Defendants") *ex parte* Application for a Stay and an Extension of Time to Respond to the Complaint.  The Court extended Corporate Defendants' response date until and including June 24, 2011.

Plaintiff subsequently served Joe Yi Zhou ("Zhou"), Garrett Bland ("Bland"), Alan C. Greenberg ("Greenberg"), and Alan D. Schwartz ("Schwartz") (collectively, "Individual Defendants").[1]  Now, having been unable to reach a stipulated agreement with counsel for Plaintiff to extend the time to answer, the Individual Defendants jointly seek identical relief to that the Court previously granted for Corporate Defendants – an extension of the response date until and including June 24, 2011.[2]

This joint *ex parte* Application is made pursuant to Local Rule 7-19 and FED. R. CIV. PROC. 6(b), on the grounds that good cause exists for granting this application.  The same reasons for granting *ex parte* relief for Corporate Defendants apply here.  As explained in Corporate Defendants' prior *ex parte* papers, which are incorporated herein by reference, this matter is likely to be transferred to the Southern District of New York for coordinated or consolidated pretrial proceedings

---

[1]  Plaintiff served Zhou on April 22, 2011, making his response due May 13, 2011. Declaration of John S. Durrant ("Durrant Decl.") ¶ 2.  Plaintiff served Bland on April 24, 2011, making his response due May 16, 2011.  *Id.*  Upon information and belief, Plaintiff served defendant Greenberg no earlier than April 22, 2011, making his response due no earlier than May 13, 2011.  *Id.*  Plaintiff served Schwartz on April 28, 2011, making his response due May 19, 2011.  *Id.*

[2] By filing this joint *ex parte* Application, Individual Defendants do not waive their rights to seek from Plaintiff or the Court additional adjournments or extensions of filing deadlines; nor does this Application waive, and the Individual Defendants expressly preserve, all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

with *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963. A grant of this joint *ex parte* application therefore would avoid a waste of resources (both of this Court and of the parties) on a case likely to be adjudicated elsewhere. In addition, a grant of the application will avoid inconsistent response dates among the defendants in this case.

## II.  INDIVIDUAL DEFENDANTS DILIGENTLY ATTEMPTED TO REACH A NEGOTIATED AGREEMENT PRIOR TO FILING THIS APPLICATION

Individual Defendants initially attempted to resolve this issue without Court involvement. On April 27, 2011 counsel for Zhou, Bland, and Greenberg, John S. Durrant ("Mr. Durrant"), [3] contacted Mohammed Ghods ("Mr. Ghods"), counsel for Plaintiff, to propose a stipulation extending the time for Individual Defendants to answer or otherwise respond to the Complaint, but reserving any existing rights, claims, or defenses that Individual Defendants might otherwise possess. Durrant Decl. ¶¶ 4 and 6, Ex. A. Mr. Ghods rejected this proposal, refusing to include any language reserving existing rights. *Id*. ¶ 7, Ex. B. Notably, Mr. Ghods has provided absolutely no assurance that Plaintiff would not attempt to use the stipulation as a waiver. In this way, Mr. Ghods conditioned an extension on a possible waiver of rights by Individual Defendants. Individual Defendants do not view this condition as appropriate or acceptable, and therefore have filed this Application by which they expressly reserve rights.

Thereafter, counsel for Individual Defendants sought to meet and confer with counsel for Plaintiff concerning the reservation of rights paragraph in the proposed stipulation. In compliance with Local Rule 7-19.1, counsel for Individual Defendants repeatedly sought to contact counsel regarding this issue, using the following contact information:

---

[3] Counsel for defendant Schwartz authorized Mr. Durrant to speak on behalf of Schwartz. Durrant Decl. ¶ 1.

EX PARTE APPLICATION FOR AN
EXTENSION OF TIME

Mohammed Ghods, Esq.
Ghods Law Firm
2100 N. Broadway
Suite 300
Santa Ana, California 92706
Tel: (714) 558-8580
Fax: (714) 558-8579
mghods@ghodslaw.com

Durrant Decl. ¶¶ 4, 6, and 8, Ex. A.  During the negotiations related to the Corporate Defendants, Mr. Ghods expressed the concern that non-waiver language could somehow revive rights, claims, or defenses that had already been waived. Although they did not view this concern as well-founded, Individual Defendants sought to assuage Plaintiff's previous concerns, by including language in a proposed stipulation that any reservation of existing rights would not serve to revive any rights, claims, or defenses that had previously been waived.[4]  *Id.* ¶ 8, Ex A.  Mr. Ghods refused this proposal, now saying that he would only agree to a Stipulation without any non-waiver language.  *Id.* ¶ 9, Ex. B.

Following this refusal, Mr. Durrant informed Plaintiff's counsel of Individual Defendants' intent to file this joint *ex parte* application.  In a telephone message left for Plaintiff's counsel at 9:15 a.m. on May 9, 2011, Mr. Durrant informed Plaintiff's counsel: (1) that Individual Defendants intended to file this Application, (2) described the substance of this Application, (3) identified the relief requested herein, and (4) noted that any opposing papers must be filed no later than 3 p.m. of the business day following service.  Durrant Decl. ¶ 10.  By 5:00 p.m. on May 9, 2011, Mr. Ghods had not responded to indicate whether Plaintiff intends to oppose this Application.  *Id.* ¶ 11.

---

[4] Specifically, Individual Defendants proposed that the following language be included in the Stipulation,
**Provided, however, that nothing in this paragraph shall operate to revive rights, claims, or defenses, if any, that have been waived prior to the execution of this Stipulation by operation of law or by actions of Plaintiff or Defendants.**

-3-

### III.   THE COURT HAS SOUND LEGAL GROUNDS FOR GRANTING THE REQUESTED RELIEF

A court may grant an extension of time to respond to a complaint upon a showing of good cause.  FED. R. CIV. P. 6(b)(1)(A).  Here, good cause exists for an extension, because such an extension will promote judicial economy.  An extension has already been granted for Corporate Defendants, and the same reasons for granting Corporate Defendants' extension apply here.  Furthermore, this Court is not served by having to receive and process filings at different dates from defendants with similar interests and counsel.  An extension of time for Individual Defendants will be more efficient for both the Court and the parties.

### IV.   CONCLUSION

For the foregoing reasons, in the interest of judicial economy and justice, Individual Defendants respectfully request that their time within which to answer,

EX PARTE APPLICATION FOR AN
EXTENSION OF TIME

1   move against, or otherwise respond to the Complaint be extended to and until

2   June 24, 2011.

3

4   DATED:  May 9, 2011        WILLIAM F. SULLIVAN
                               JOHN S. DURRANT
                               KATHRYN C. WANNER
5                              PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7                              By:    /s/ John S. Durrant
                                            JOHN S. DURRANT
8

9                              Attorneys for Defendants
                               The Bear Stearns Companies LLC; J.P. Morgan
                               Securities LLC; J.P. Morgan Clearing Corp.; Alan C.
10                             Greenberg; Joe Yi Zhou; and Garrett Bland

11  DATED:  May 9, 2011        ERIC S. WAXMAN
                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM
12                             LLP

13                             By:    /s/ Eric S. Waxman
                                            ERIC S. WAXMAN
14

15                             Attorneys for Defendant
                               Alan D. Schwartz
16

17

18  LEGAL_US_W # 67925478.3

19

20

21

22

23

24

25

26

27

28

                                          -5-        EX PARTE APPLICATION FOR AN
                                                        EXTENSION OF TIME