1  WILLIAM F. SULLIVAN (SB# 78353)
   williamsullivan@paulhastings.com
2  JOHN S. DURRANT (SB# 217345)
   johndurrant@paulhastings.com
3  KATHRYN C. WANNER (SB# 269310)
   kathrynwanner@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
6  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
7
   Attorneys for Defendants
8  The Bear Stearns Companies LLC; J.P. Morgan
   Securities LLC; J.P. Morgan Clearing Corp.; Alan C.
9  Greenberg; Joe Yi Zhou; and Garrett Bland

10

11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

| 14 | Vivine H. Wang, | CASE NO. CV11-02624 PSG (SSx) |
|---|---|---|
| 15 | Plaintiff, | **DECLARATION OF JOHN S. DURRANT IN SUPPORT OF INDIVIDUAL DEFENDANTS' JOINT EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** |
| 16 | vs. | |
| 17 | The Bear Stearns Companies LLC (formerly known as The Bear Stearns Companies, Inc.); J.P. Morgan Securities LLC (formerly known as Bear, Stearns & Co., Inc.); J.P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities Corp.); Deloitte & Touche LLP; Alan D. Schwartz; Alan C. Greenberg; Joey Zhou; Garrett Bland, | |
| 18 | | |
| 19 | | [Joint *Ex Parte* Application and [Proposed] Order filed and served concurrently herewith] |
| 20 | | |
| 21 | | Judge: Hon. Philip S. Gutierrez |
| 22 | Defendants. | Dept. 880 |
| 23 | | Complaint Served: April 22, 24, and 28, 2011 |
| 24 | | Current Response Date(s): May 13, 16, and 19, 2011 |
| 25 | | New Response Date: TBD |
| 26 | | Trial Date: TBD |

27

28

DECLARATION OF J. DURRANT ISO EX PARTE
APPLICATION TO EXTEND TIME TO
ANSWER

# DECLARATION OF JOHN S. DURRANT

I, John S. Durrant, hereby declare, and state as follows:

1. I am an associate at the law firm of Paul, Hastings, Janofsky and Walker, LLP, counsel of record for defendants: Alan C. Greenberg ("Greenberg"), Joe Yi Zhou ("Zhou"), and Garrett Bland ("Bland"). I was authorized by counsel for defendant Alan D. Schwartz ("Schwartz") to speak on Schwartz' behalf in this joint *ex parte* application. I am an attorney licensed to practice in the State of California and before this Court. I make this declaration in support of defendants Greenberg, Zhou, Bland, and Schwartz' (collectively, "Individual Defendants") Joint *Ex Parte* Application for an Extension of Time in which to answer, move against, or otherwise respond to Plaintiff's Complaint. I have personal knowledge of the facts set forth below and if called as a witness, I would and could competently testify thereto.

2. Plaintiff served defendant Zhou on April 22, 2011, making his response due May 13, 2011. Plaintiff served defendant Bland on April 24, 2011, making his response due May 16, 2011. Plaintiff served defendant Schwartz on April 28, 2011, making his response due May 19, 2011. Upon my information and belief, Plaintiff served defendant Greenberg no earlier than April 22, 2011, making his response due no earlier than May 13, 2011.

3. On April 22, 2011 this Court granted in-part and denied in-part defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., and Deloitte & Touche LLP's ("Corporate Defendants") *ex parte* Application for a Stay and an Extension of Time, extending the Corporate Defendants' time to respond to the Complaint in the above-captioned case to and

1  until June 24, 2011.

2  4. On April 27, 2011 I called counsel for Plaintiff, Mohammed Ghods ("Mr.
3  Ghods") and left a voice message proposing a stipulation extending the time for
4  Individual Defendants to answer or otherwise respond to the Complaint.

5

6  5. On April 27, 2011 by email, Mr. Ghods responded to my telephone call with
7  an email stating that he would agree to "the same extension to respond for the
8  individual defendants as the Court ordered for the entity parties." A true and
9  correct copy of this email is attached hereto as Exhibit "A."

10

11  6. On April 27, 2011 I responded to Mr. Ghods' email to inform him that we
12  would include a statement in the stipulation reserving any existing rights, claims, or
13  defenses that Individual Defendants might otherwise possess. *See* Ex. A.

14

15  7. On April 27, 2011 Mr. Ghods responded by email that he would not
16  approve including in the proposed stipulation any language reserving existing
17  rights. *See* Ex. A.

18

19  8. During the negotiations relating to the extension of time for the Corporate
20  Defendants, Mr. Ghods had expressed the concern that non-waiver language could
21  somehow revive rights, claims, or defenses that had already been waived.
22  Therefore, on April 28, 2011 I again emailed Mr. Ghods proposing to include
23  language in the stipulation that any reservation of existing rights would not serve to
24  revive any rights, claims, or defenses that had previously been waived. *See* Ex. A.
25  On Monday May 2, 2011 I sent a follow-up email to this email seeking Mr. Ghods'
26  response to this proposal. *Id.*

27

28  9. On May 2, 2011 Mr. Ghods responded to my April 28, 2011 proposal and

-2-  DECLARATION OF J. DURRANT ISO EX PARTE APPLICATION TO EXTEND TIME TO ANSWER

stated that he would only agree to a stipulation without any non-waiver language. A true and correct copy of this email is attached hereto as Exhibit "B."

10. Following Plaintiff's rejection of the suggested Stipulation to extend time to respond to the Complaint, I called Mr. Ghods on May 9, 2011 at 9:15 a.m. to inform him that Individual Defendants would be seeking this joint *ex parte* relief. In this call I: (1) informed Mr. Ghods that Individual Defendants intended to file this joint *ex parte* Application, (2) described the substance of this Application, (3) identified the relief requested herein, and (4) noted that any opposing papers must be filed no later than 3 p.m. of the business day following service. I followed this call by directing an associate, Kathryn C. Wanner, to send an email to Mr. Ghods regarding the same. A true and correct copy of this email is attached hereto as Exhibit "C."

11. By 5:00 p.m. on May 9, 2011, Mr. Ghods had not responded to indicate whether Plaintiff intends to oppose this Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of May, 2011, at Los Angeles, California.

By: /s/ John S. Durrant
JOHN S. DURRANT

LEGAL_US_W # 67925566.1

-3- DECLARATION OF J. DURRANT ISO EX PARTE APPLICATION TO EXTEND TIME TO ANSWER

**EXHIBIT A**

Wanner, Kathryn C.

| | |
|---|---|
| **From:** | Durrant, John S. |
| **Sent:** | Monday, May 02, 2011 3:25 PM |
| **To:** | mghods@ghodslaw.com; William Stahr; Jeremy Rhyne |
| **Cc:** | Wanner, Kathryn C. |
| **Subject:** | RE: Bear/Wang -- Proposed Stipulation for Individual Defendants |

Mohammed,

I am just following up on my email from last Thursday. Please provide your response as soon as possible to the substance of our proposal. I have received authorization from counsel to seek an extension on behalf of *all* individual defendants. So, we could resolve this issue fully if we reach agreement.

Thanks,

John

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

---

**From:** Durrant, John S.
**Sent:** Thursday, April 28, 2011 8:19 PM
**To:** 'mghods@ghodslaw.com'; William Stahr; Jeremy Rhyne
**Cc:** Wanner, Kathryn C.
**Subject:** Bear/Wang -- Proposed Stipulation for Individual Defendants

Mohammed,

I understand your position. We will have to agree to disagree regarding our reservation of rights, which you did not counter with argument or authority. The issue at hand is a stipulation for the individual defendants. Even though you say your position is "final," I always want to give an opponent every opportunity to be reasonable. To that end, I have attached a proposed stipulation and order. You will note that some of the service dates are blank, because I do not yet have them. If you know the dates, please let me know.

When we talked regarding the earlier proposed stipulation for the entities, your concern was that the stipulation might somehow revive rights or claims that you believe to have previously been waived by Defendants. Without conceding that anything has been waived, I have added language to the stipulation that addresses that concern. The proposal includes the following language "**Provided, however, that nothing in this paragraph shall operate to revive rights, claims, or defenses, if any, that have been waived prior to the execution of this Stipulation by operation of law or by actions of Plaintiff or Defendants.**"

If, notwithstanding this change, you still refuse to agree to the sign the Stipulation and Order, I would appreciate knowing how it is you envision your client is harmed by the release language. The mere recitation that it is "surplusage," cannot be squared with the fact that you have given no assurance that you will not argue that the stipulation is a waiver. As we have previously noted, routine extensions should not be conditioned on waivers of rights. There has to be a middle ground that will allow us to resolve this without using the courts. I have tried to find it with this proposal. If you can do better, I am open to suggestions.

Regards,
John

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

John, I am not neglecting anything. You can reserve all the rights you want in any papers you prepare on your own. I didn't sign your papers. Any unilateral reservation has no legal effect. The Court's order does the proper job for an extension of time. If you are asking me to sign a stipulation, then it needs to be in a document that is mutually acceptable. The language of the order is acceptable to me. That is my final word.

Thanks

On Wed, Apr 27, 2011 at 3:16 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:
> You are completely neglecting that we preserved our rights in our moving papers. At any rate, is this your final word on this?

>
> **From**: Mohammed Ghods [mailto:mghods@ghodslaw.com]
> **Sent**: Wednesday, April 27, 2011 03:06 PM
> **To**: Durrant, John S.
> **Cc**: Wanner, Kathryn C.; wstahr@ghodslaw.com <wstahr@ghodslaw.com>; jrhyne@ghodslaw.com <jrhyne@ghodslaw.com>
> **Subject**: Re: John's message re: extension
>
> Thank you John. What I recall is your version was rejected. Didn't we cover all of this before? I think you should prepare a stipulation -- if you want me to sign it -- that follows the language the Court has approved and leave it at that level of simplicity. Adding surplusage will just result in more waste of time, and in my humble opinion, no agreement.
>
> Thanks
>
> On Wed, Apr 27, 2011 at 3:01 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:
>> You will recall that we were able to include a statement in our ex parte moving papers to the effect that we were not waiving any rights. If we do a stipulation, we will have to have some non-waiver language in the stipulation and order.

**From:** Mohammed Ghods [mailto:mghods@ghodslaw.com]
**Sent:** Wednesday, April 27, 2011 02:56 PM
**To:** Durrant, John S.
**Cc:** Wanner, Kathryn C.; wstahr <wstahr@ghodslaw.com>; Jeremy Rhyne <jrhyne@ghodslaw.com>
**Subject:** John's message re: extension

Hi John.

I received your message. What I got out of it is that you would like us to agree to the same extension to respond for the individual defendants as the Court ordered for the entity parties. That is not a problem. Please send stipulations with the same simple language that matches the Court's order for each additional party you represent and we can review and process.

Thank you for your attention.

Moe Ghods

```
************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.
```

```
************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
```

attachments.

For additional information, please visit our website at www.paulhastings.com.

5/9/2011

Exhibit A Page 7

**EXHIBIT B**

**Wanner, Kathryn C.**

**From:** mkghods@gmail.com on behalf of Mohammed Ghods [mghods@ghodslaw.com]
**Sent:** Monday, May 02, 2011 3:27 PM
**To:** Durrant, John S.
**Cc:** William Stahr; Jeremy Rhyne; Wanner, Kathryn C.
**Subject:** Re: Bear/Wang -- Proposed Stipulation for Individual Defendants

Thanks John

I was out of the office and this is my first chance to respond to your last email.

I take offense to your suggestion that we have been unreasonable in any manner. I think the Court's execution of the order we submitted without change amply proves the point. Enough said.

Once again, if you wish to have our consent, a simple stipulation will do. I suggest the following language:

   WHEREAS the Complaint in this matter was filed on March 29, 2011;

   WHEREAS defendants Joe Yi Zhou, Alan C. Greenberg, and Garrett Bland ("Individual Defendants") have now been served with the Complaint in this action;

   WHEREAS on April 11, 2011 the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") issued and entered a Conditional Transfer Order ("CTO") transferring this matter to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings with In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation, MDL No. 1963;

   WHEREAS plaintiff Vivine H. Wang ("Plaintiff") filed a notice of opposition to the CTO with the Clerk of the MDL Panel on April 18, 2011;

   WHEREAS Plaintiff's motion to vacate the CTO and brief in support thereof is due within fourteen days of April 18, 2011; and

   WHEREAS on April 22, 2011 the Ex Parte Application for Extension of Time by Defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp and and Deloitte & Touche LLP was granted based on these Defendants' agreement with Plaintiff and the time for these Defendants to respond to the complaint was extended sixty (60) days to and including June 24, 2011.


   IT IS HEREBY STIPULATED, by and between Plaintiff and Individual Defendants Joe Yi Zhou, Alan C. Greenberg, and Garrett Bland that the Individual Defendants' deadline for responding to the Complaint be extended to and including June 24, 2011.


Hope this will solve the issue and we don't have to waste more time on this.

Thank you for your attention.

On Thu, Apr 28, 2011 at 8:19 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:
> Mohammed,
>
> I understand your position. We will have to agree to disagree regarding our reservation of rights, which you did not counter with argument or authority. The issue at hand is a stipulation for the individual defendants. Even though you say your position is "final," I always want to give an opponent every opportunity to be reasonable. To that end, I have attached a proposed stipulation and order. You will note that some of the service dates are blank, because I do not yet have them. If you know the dates, please let me know.
>
> When we talked regarding the earlier proposed stipulation for the entities, your concern was that the stipulation might somehow revive rights or claims that you believe to have previously been waived by Defendants. Without conceding that anything has been waived, I have added language to the stipulation that addresses that concern. The proposal includes the following language **"Provided, however, that nothing in this paragraph shall operate to revive rights, claims, or defenses, if any, that have been waived prior to the execution of this Stipulation by operation of law or by actions of Plaintiff or Defendants."**
>
> If, notwithstanding this change, you still refuse to agree to the sign the Stipulation and Order, I would appreciate knowing how it is you envision your client is harmed by the release language. The mere recitation that it is "surplusage," cannot be squared with the fact that you have given no assurance that you will not argue that the stipulation is a waiver. As we have previously noted, routine extensions should not be conditioned on waivers of rights. There has to be a middle ground that will allow us to resolve this without using the courts. I have tried to find it with this proposal. If you can do better, I am open to suggestions.
>
> Regards,
> John
>
> ---
>
> **John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

John, I am not neglecting anything. You can reserve all the rights you want in any papers you prepare on your own. I didn't sign your papers. Any unilateral reservation has no legal effect. The Court's order does the proper job for an extension of time. If you are asking me to sign a stipulation, then it needs to be in a document that is mutually acceptable. The language of the order is acceptable to me. That is my final word.

Thanks

On Wed, Apr 27, 2011 at 3:16 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:
> You are completely neglecting that we preserved our rights in our moving papers. At any rate, is this your final word on this?

---

**From:** Mohammed Ghods [mailto:mghods@ghodslaw.com]
**Sent:** Wednesday, April 27, 2011 03:06 PM
**To:** Durrant, John S.
**Cc:** Wanner, Kathryn C.; wstahr@ghodslaw.com <wstahr@ghodslaw.com>; jrhyne@ghodslaw.com <jrhyne@ghodslaw.com>
**Subject:** Re: John's message re: extension

Thank you John. What I recall is your version was rejected. Didn't we cover all of this before? I think you should prepare a stipulation -- if you want me to sign it -- that follows the language the Court has approved and leave it at that level of simplicity. Adding surplusage will just result in more waste of time, and in my humble opinion, no agreement.

Thanks

On Wed, Apr 27, 2011 at 3:01 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:
> You will recall that we were able to include a statement in our ex parte moving papers to the effect that we were not waiving any rights. If we do a stipulation, we will have to have some non-waiver language in the stipulation and order.

---

**From:** Mohammed Ghods [mailto:mghods@ghodslaw.com]
**Sent:** Wednesday, April 27, 2011 02:56 PM
**To:** Durrant, John S.
**Cc:** Wanner, Kathryn C.; wstahr <wstahr@ghodslaw.com>; Jeremy Rhyne <jrhyne@ghodslaw.com>
**Subject:** John's message re: extension

Hi John.

I received your message. What I got out of it is that you would like us to agree to the same extension to respond for the individual defendants as the Court ordered for the entity parties. That is not a problem. Please send stipulations with the same simple language that matches the Court's order for each additional party you represent and we can review and process.

Thank you for your attention.

Moe Ghods

```
*************************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*************************************************************
```

This message is sent by a law firm and may contain

information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

***********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
***********************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

***********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
***********************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

**EXHIBIT C**

## Wanner, Kathryn C.

**From:** Wanner, Kathryn C.
**Sent:** Monday, May 09, 2011 10:23 AM
**To:** 'mghods@ghodslaw.com'
**Cc:** Durrant, John S.
**Subject:** Ex Parte Relief in Wang v. Bear Stearns

Mohammed,

As explained in the voice mail that John Durrant and I left for you this morning, today we will be filing a joint *ex parte* application on behalf of defendants Joe Yi Zhou, Garrett Bland, Alan C. Greenberg, and Alan D. Schwartz (who is represented by Skadden Arps, but who is jointly seeking *ex parte* relief) (collectively, "Individual Defendants"). We are seeking an extension of time until June 24, 2011 for the Individual Defendants to answer or otherwise respond to the Complaint, without waiving any rights or defenses that the Individual Defendants currently possess. Should you wish to respond, such response, if any, would be due tomorrow, May 10, 2011 before 3 p.m.

Thanks,

Katy