GHODS LAW FIRM
Mohammed K. Ghods (SBN 144616)
William A. Stahr (SBN 167870)
Jeremy A. Rhyne SBN 217378)
2100 N. Broadway, Ste. 300
Santa Ana, CA  92706
Telephone:   (714) 558-8580
Facsimile:    (714) 558-8579

Attorney for Plaintiff
*VIVINE H. WANG*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVINE H. WANG, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BEAR STEARNS COMPANIES LLC, a Delaware limited liability company formerly known as The Bear Stearns Companies Inc.; J.P. MORGAN SECURITIES LLC, a Delaware limited liability company formerly known as Bear, Stearns & Co., Inc.; J.P. MORGAN CLEARING CORP, a Delaware corporation formerly known as Bear, Stearns Securities Corp.; DELOITTE & TOUCHE LLP, a limited liability partnership; ALAN D. SCHWARTZ, an individual; ALAN C. GREENBERG, an individual; JOEY ZHOU, an individual; and GARRETT BLAND, an individual,<br><br>　　　　　　Defendants. | Case No.  CV11-02624 PSG (SSx)<br><br>[Assigned by all Purposes to the Honorable Philip S. Gutierrez]<br><br>**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'** *EX PARTE* **APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND DECLARATION OF WILLIAM A. STAHR IN SUPPORT THEREOF** |

　　　　Plaintiff VIVINE H. WANG ("Plaintiff") responds to the *Ex Parte* Application brought by Individual Defendants, ALAN C. GREENBERG, JOE YI ZHOU, GARRETT BLAND and ALAN D. SCHWARTZ ("Individual Defendants"), as follows:

---

1

1. Plaintiff does not oppose the requested extension of time until June 24, 2011, for the Individual Defendants to respond to the Complaint, as her counsel informed defendants' counsel back on April 27, 2011. Thus, this *ex parte* application, like the prior one, was completely unnecessary and in violation of the Court's local rules. Specifically, on April 27, 2011, in response to a voice message left by attorney Durrant, Plaintiff's counsel (Mohammed Ghods) promptly agreed via email to stipulate to the exact same relief granted by the Court on the Corporate Defendants' *ex parte* application seeking similar relief. (See Exhibit B, page 10, to Durrant Declaration) Such a simple stipulation is all that is necessary under the circumstances. For some reason, this was not good enough for the Individual Defendants' counsel, who continued to demand that additional rambling "reservation" language be included in any stipulation.

2. The timing of Defendants' rushed *ex parte* is suspect. No conference of counsel took place on May 9, 2011, as Defendants wrongly assert in their *ex parte*. (*See* Application, page 1, lines 9-10) Mr. Ghods is out of the office all week and Mr. Stahr received no email, voicemail or other form of communication from Defendants' counsel on May 9, 2011 or any other date between May 2nd and May 9th requesting a further meet and confer session. (*See* accompanying Declaration of William A. Stahr) Rather, after a series of initial emails on the subject – the last being sent on May 2, 2011 -- attorney Durrant simply stopped communicating on the subject. Then, a full week later and without having spoken or conferred with anyone at Plaintiff's counsel's office again about the matter, the Individual Defendants rushed into Court demanding an extension on a purported emergency basis. There is no emergency here, and any sense of urgency was caused solely by the Individual Defendants refusal to accept a proposed simple stipulation that mirrored the Court's prior order. *Ex* parte applications are designed solely for extraordinary relief. *See Mission Power Eng. Co. v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D.Cal. 1995).

3. While Plaintiff submits that this *ex parte* was unwarranted and obviously disputes Defendants' self-serving suggestion that a transfer of this case to SDNY by the

JPMDL is warranted and a certainty, Plaintiff is amenable to the requested extension of time. Yet, only a simple straight-forward order is required to accomplish the task of extending Defendants' due date for responding to Plaintiff's complaint, not the defective order proposed by Defendants that contains unnecessary and inaccurate recitals about alleged service dates. As such, Plaintiff submits herewith a basic proposed order for the Court's consideration.

DATED:  May 10, 2011

Respectfully submitted

GHODS LAW FIRM

By: _____
MOHAMMED K. GHODS
WILLIAM A. STAHR
JEREMY A. RHYNE
*Attorneys for Plaintiff*
VIVINE H. WANG

### DECLARATION OF WILLIAM A. STAHR

I, WILLIAM A. STAHR, declare as follows:

1. I am an attorney duly licensed to practice law in all the courts of the State of California and this federal court. I, along with Mohammed Ghods, represent the Plaintiff, Mrs. Vivian H. Wang, in this matter. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently and truthfully testify to thereto.

2. I prepared the above response to Defendants' *ex parte* application and attest to the accuracy of the facts stated therein. Mr. Ghods is out of the office and the state this week. Yesterday, I received no call, voicemail or email from Defendants' counsel requesting a further conference on the subject of an extension of the Individual Defendants' response date or their intention of bringing the subject *ex parte* application. The last email I received on the subject was a copy of Mr. Ghods' May 2, 2011 email, which contained detailed language of a suggested stipulation. (*See* Exhibit "B" to Durrant Declaration.) It appears that the May 2nd emails of Mr. Ghods and Mr. Durrant crossed paths. (*See also* Exhibit "A" to Durrant Declaration.) To my knowledge, Mr. Durrant never rejected or otherwise responded to Mr. Ghods' May 2nd email and instead proceeded to file the instant *ex parte* application yesterday.

3. While not a major issue of concern, I must point out that Defendants' application and proposed order contain two purported service dates that conflict with our records. Specifically, our process server indicated that Mr. Greenberg was served on April 25th and Mr. Schwartz on April 29th.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed this 10th day of May 2011, at Santa Ana, California.

_____
WILLIAM A. STAHR