1  WILLIAM F. SULLIVAN (SB# 78353)
   williamsullivan@paulhastings.com
2  JOHN S. DURRANT (SB# 217345)
   johndurrant@paulhastings.com
3  KATHRYN C. WANNER (SB# 269310)
   kathrynwanner@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  The Bear Stearns Companies LLC; J.P. Morgan
   Securities LLC; J.P. Morgan Clearing Corp.; Alan C.
9  Greenberg; Joe Yi Zhou; and Garrett Bland

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| Vivine H. Wang,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>The Bear Stearns Companies LLC (formerly known as The Bear Stearns Companies, Inc.); J.P. Morgan Securities LLC (formerly known as Bear, Stearns & Co., Inc.); J.P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities Corp.); Deloitte & Touche LLP; Alan D. Schwartz; Alan C. Greenberg; Joey Zhou; Garrett Bland,<br><br>　　　　Defendants. | CASE NO. CV11-02624 PSG (SSx)<br><br>**DEFENDANTS' JOINT *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of J. Durrant and [Proposed] Order filed and served concurrently herewith]<br><br>Judge:  Hon. Philip S. Gutierrez<br>Dept.    880<br>Complaint Served: Between April 4, 2011 and April 29, 2011<br>Current Response Date:  June 24, 2011<br>New Response Date:  September 22, 2011<br><br>Trial Date:  TBD |

TO THE COURT, PLAINTIFF VIVINE H. WANG ("PLAINTIFF") AND HER COUNSEL OF RECORD:

Defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joe Yi Zhou, and Garrett Bland (collectively, "Defendants") hereby jointly apply *ex parte* to this Court for an Order extending their time to answer or otherwise respond to Plaintiff's Complaint to and until September 22, 2011 or until thirty (30) days after the Panel for the multidistrict litigation pending in the United States District Court for the Southern District of New York entitled *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963, decides not to transfer this matter, whichever comes first.

This Application is made following the conference of counsel which took place via email from June 13 through June 20. In this conference, counsel for Plaintiff ultimately indicated that, while counsel for Plaintiff did not oppose the extension, he would not support this Application, unless Defendants agreed to waive certain rights. Because Defendants will not agree to waive rights in order to secure an extension, it appears Plaintiff will oppose this application, although her counsel has declined to say so explicitly.

This Application is based on this Application, the Memorandum of Points and Authorities in support hereof, the Declaration of John S. Durrant in support hereof, the pleadings, records, and files in this action, those matters of which this

1 | Court may take judicial notice; and on such further evidence and argument as may
2 | be presented prior to or at the time of any hearing on this matter.

4 | DATED: June 20, 2011

WILLIAM F. SULLIVAN
JOHN S. DURRANT
KATHRYN C. WANNER
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:   /s/ John S. Durrant
             JOHN S. DURRANT

Attorneys for Defendants
The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; J.P. Morgan Clearing Corp.; Alan C. Greenberg; Joe Yi Zhou; and Garrett Bland

12 | DATED: June 20, 2011

ERIC S. WAXMAN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Eric S. Waxman
             ERIC S. WAXMAN

Attorneys for Defendant
Alan D. Schwartz

18 | DATED:  June 20, 2011

ROWAN D. WILSON
CRAVATH, SWAINE & MOORE LLP

By:   /s/ Rowan D. Wilson
             ROWAN D. WILSON

Attorneys for Defendant
Deloitte & Touche LLP

Court may take judicial notice; and on such further evidence and argument as may be presented prior to or at the time of any hearing on this matter.

DATED: June 20, 2011

WILLIAM F. SULLIVAN
JOHN S. DURRANT
KATHRYN C. WANNER
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:   /s/ John S. Durrant
             JOHN S. DURRANT

Attorneys for Defendants
The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; J.P. Morgan Clearing Corp.; Alan C. Greenberg; Joe Yi Zhou; and Garrett Bland

DATED: June 20, 2011

ERIC S. WAXMAN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Eric S. Waxman
             ERIC S. WAXMAN

Attorneys for Defendant
Alan D. Schwartz

DATED:  June 20, 2011

ROWAN D. WILSON
CRAVATH, SWAINE & MOORE LLP

By:   /s/ Rowan D. Wilson
             ROWAN D. WILSON

Attorneys for Defendant
Deloitte & Touche LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants[1] hereby seek an extension of time in which to answer or otherwise respond to the Complaint, because this matter is likely to be transferred to the multidistrict litigation pending in the Southern District of New York and because continued litigation in this Court would waste the resources of this Court and the parties. Plaintiff Vivine H. Wang ("Plaintiff") *does not oppose* the extension requested in this Application. Although parties agree regarding the requested extension of time, Plaintiff refused to agree on the language of a stipulation and then attempted to add unacceptable language to the proposed order accompanying this Application. Regrettably, Defendants therefore must request this extension by *ex parte* application rather than by stipulation.

## II. BACKGROUND

As Defendants have described to the Court in prior *ex parte* applications, this matter should be consolidated with a multidistrict litigation pending in the United States District Court for the Southern District of New York entitled *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963 (the "Bear Stearns MDL Litigation").[2]

---

[1] "Defendants" refers collectively to The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joe Yi Zhou, and Garrett Bland. By filing this Application, Defendants preserve their rights to seek from Plaintiff or the Court additional adjournments or extensions of filing deadlines. This Application does not waive, and the Defendants expressly preserve, all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

[2] The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, and J.P. Morgan Clearing Corp. (collectively, the "Corporate Defendants") applied for a 60-day extension of the time to respond until June 24, 2011. (Docket 13.) In that Application, the Corporate Defendants set forth detailed arguments for an extension, including the bases for the transfer of the matter to the Bear Stearns MDL Litigation. Deloitte & Touche LLP ("Deloitte") joined in this application. (Docket 15.) This Court granted the request for an extension. (Docket 18.) Subsequently, Plaintiff served Alan D. Schwartz, Alan C. Greenberg, Joe Yi Zhou, and Garrett Bland (collectively, the "Individual Defendants"). The Individual

On April 11, 2011, the clerk of the MDL Panel issued and entered a Conditional Transfer Order ("CTO"), transferring this matter to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings with the Bear Stearns MDL Litigation.  Plaintiff filed a motion to vacate the CTO, and the parties have now fully briefed this motion to the MDL panel.  Notably, in the course of the briefing, even Plaintiff appears to concede that the "sensible route to take" would involve transfer of this case to the MDL proceedings in the Southern District of New York. (Reply to Opposition to Motion to Vacate Conditional Transfer Order CTO-4 at 2-3 (noting willingness to transfer case, albeit only for "coordination" purposes, rather than consolidation purposes).) (*See* Declaration of John S. Durrant ("Durrant Decl.") ¶ 11, Ex. B.) Prior experience indicates that the MDL Panel may take two to three months to render a decision regarding Plaintiff's objections to the CTO.  (*Id.* ¶ 12.)

Defendants' deadline to answer or otherwise respond to Plaintiff's Complaint is now June 24, 2011.  (Durrant Decl. ¶2.)  The MDL Panel will not likely rule on Plaintiff's motion to vacate the CTO until after that date.

Defendants have been partially successful in their attempts to resolve this issue without Court involvement.  Subject to Court approval, the parties have agreed to an extension of either 90 days from June 24, 2011, or 30 days after any decision by the MDL Panel to vacate the CTO and not transfer the matter to the Southern District of New York.  (*Id.* at ¶ 6, Ex. A.)  The parties both agree that, under the circumstances, such an extension of time is "sensible."  (*Id.* at ¶ 7, Ex. A.)

Unfortunately, Plaintiff's counsel again refused to include language in a stipulation to the effect that the filing of the stipulation would not operate to waive any existing rights, claims, or defenses of the parties.  (*Id.* at ¶ 5, Ex. A.)  Following

---

Defendants then moved *ex parte* for an extension of the time to respond until June 24, 2011. (Docket 21.) The Court granted the request for an extension. (Docket 24.) Defendants hereby incorporate arguments in their prior *ex parte* applications by reference.

-2-    EX PARTE APPLICATION FOR EXTENSION OF TIME

1  this refusal, counsel for The Bear Stearns Companies LLC, J.P. Morgan Securities
2  LLC, J.P. Morgan Clearing Corp., Alan C. Greenberg, Joe Yi Zhou, and Garrett
3  Bland (collectively, the "JPMorgan Defendants") informed Plaintiff's counsel of
4  Defendants' intent to file this Application. (*Id.* at ¶ 6.)
5        On June 20, 2011, counsel for the JPMorgan Defendants sent an email to
6  Plaintiff's counsel stating: (1) the intent to file this Application, (2) the substance
7  of this Application, and (3) the relief requested herein. (*Id.* at ¶ 8, Ex. A.) Counsel
8  for the JPMorgan Defendants informed Plaintiff that any opposing papers must be
9  filed no later than 3 p.m. of the business day following the filing of the Application.
10 (*Id.*) Counsel for the JPMorgan Defendants also sent a copy of the proposed order
11 to Plaintiff. (*Id.*) The proposed order was entirely consistent with the prior
12 discussions of the parties. As he has in previous negotiations, counsel for Plaintiff
13 tried to extract a last-minute improvement on the deal. Counsel for Plaintiff said,
14 "I would agree [to the language of the proposed order] if you add 'except to move
15 to compel arbitration'" at the end of the stipulation regarding the extension. (*Id.* at
16 ¶ 9, Ex. A.) The intent of this change was to induce Defendants to waive their
17 rights to compel arbitration in the case, should the matter remain in this Court. To
18 be clear, while the parties had previously disagreed regarding the use of a
19 prophylactic non-waiver provision in stipulations (*i.e.*, that the stipulation does not
20 operate to waive any rights), the parties never discussed the Defendants actually
21 affirmatively waiving their right to move to compel arbitration. (*Id.*) It is improper
22 for counsel for Plaintiff to place such onerous conditions on an extension that even
23 he calls "sensible." (*Id.* at ¶ 7.) Unable to agree on the language of the order, it
24 appears Counsel for Plaintiff will oppose the Application although, as of this
25 writing, he has declined to explicitly say so. (*Id.* at ¶ 9.)
26
27
28

In compliance with Local Rule 7-19.1, the JPMorgan Defendants' counsel contacted Plaintiff's counsel regarding this proposed stipulation, using the following contact information:

> Mohammed Ghods, Esq.
> Ghods Law Firm
> 2100 N. Broadway
> Suite 300
> Santa Ana, California 92706
> Tel: (714) 558-8580
> Fax: (714) 558-8579
> mghods@ghodslaw.com

### III.  GOOD CAUSE EXISTS FOR AN EXTENSION

This Application is made pursuant to Local Rule 7-19 and FED. R. CIV. PROC. 6(b), on the grounds that good cause exists for granting this Application. A court may grant an extension of time to respond to a complaint upon a showing of good cause. FED. R. CIV. P. 6(b)(1)(A). Here, good cause exists for an extension, because such an extension will promote judicial economy and preserve the parties' resources. The Court has granted previous extensions until June 24, 2011 in order to allow time for the Bear Stearns MDL Litigation Panel to decide whether to transfer this matter. As the Bear Stearns MDL Litigation Panel has not yet ruled on the issue of transfer, the Court should grant the requested extension. Extending Defendants' time to answer or otherwise respond to the Complaint would not burden any party or cause any prejudicial delay, as indicated by the parties' agreement to the extension.

### IV.  CONCLUSION

For the foregoing reasons, in the interest of judicial economy and justice, Defendants respectfully request that their time within which to answer, move against, or otherwise respond to the Complaint be extended to and until September

22, 2011 or until thirty (30) days after the MDL Panel decides not to transfer this matter, whichever comes first.

DATED: June 20, 2011

WILLIAM F. SULLIVAN
JOHN S. DURRANT
KATHRYN C. WANNER
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ John S. Durrant
JOHN S. DURRANT

Attorneys for Defendants
The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; J.P. Morgan Clearing Corp.; Alan C. Greenberg; Joe Yi Zhou; and Garrett Bland

DATED: June 20, 2011

ERIC S. WAXMAN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Eric S. Waxman
ERIC S. WAXMAN

Attorneys for Defendant
Alan D. Schwartz

DATED: June 20, 2011

ROWAN D. WILSON
CRAVATH, SWAINE & MOORE LLP

By: /s/ Rowan D. Wilson
ROWAN D. WILSON

Attorneys for Defendant

Deloitte & Touche LLP

LEGAL_US_W # 68310423.5

-5-

EX PARTE APPLICATION FOR EXTENSION OF TIME