WILLIAM F. SULLIVAN (SB# 78353)
williamsullivan@paulhastings.com
JOHN S. DURRANT (SB# 217345)
johndurrant@paulhastings.com
KATHRYN C. WANNER (SB# 269310)
kathrynwanner@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
The Bear Stearns Companies LLC; J.P. Morgan Securities LLC; J.P. Morgan Clearing Corp.; Alan C. Greenberg; Joe Yi Zhou; and Garrett Bland

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vivine H. Wang,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>The Bear Stearns Companies LLC (formerly known as The Bear Stearns Companies, Inc.); J.P. Morgan Securities LLC (formerly known as Bear, Stearns & Co., Inc.); J.P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities Corp.); Deloitte & Touche LLP; Alan D. Schwartz; Alan C. Greenberg; Joey Zhou; Garrett Bland,<br><br>　　　　Defendants. | CASE NO. CV11-02624 PSG (SSx)<br><br>**DECLARATION OF JOHN S. DURRANT IN SUPPORT OF DEFENDANTS' JOINT EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**<br><br>[Joint *Ex Parte* Application and [Proposed] Order filed and served concurrently herewith]<br><br>Judge: Hon. Philip S. Gutierrez<br>Dept. 880<br>Complaint Served: Between April 4, 2011 and April 29, 2011<br>Current Response Date: June 24, 2011<br>New Response Date: September 22, 2011<br><br>Trial Date: TBD |

DECLARATION OF J. DURRANT ISO EX PARTE
APPLICATION TO EXTEND TIME TO
RESPOND

# DECLARATION OF JOHN S. DURRANT

I, John S. Durrant, hereby declare, and state as follows:

1.  I am an associate at the law firm of Paul, Hastings, Janofsky and Walker LLP, counsel of record for defendants, The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Alan C. Greenberg, Joe Yi Zhou, and Garrett Bland (collectively, "JPMorgan Defendants"). I am an attorney licensed to practice in the State of California and before this Court. I make this declaration in support of the JPMorgan Defendants, Deloitte & Touche LLP, and Alan D. Schwartz's (collectively, "Defendants") Joint *Ex Parte* Application for an Extension of Time in which to answer, move against, or otherwise respond to the Complaint. I have personal knowledge of the facts set forth below and if called as a witness, I would and could competently testify thereto.

2.  Defendants' deadline to answer or otherwise respond to plaintiff Vivine H. Wang's ("Plaintiff") Complaint is now June 24, 2011.

3.  On June 13, 2011 I emailed counsel for Plaintiff, Mohammed Ghods ("Mr. Ghods") proposing a stipulation extending the time for Defendants to answer or otherwise respond to the Complaint. A true and correct copy of this email is attached hereto as Exhibit "A."

4.  On June 14, 2011 Mr. Ghods responded to my email, stating that he would agree to "an extension of 90-days (from June 24) of the time to respond, or within 30 days of MDL Panel's decision, whichever occurs first." *See* Ex. A.

5.  In his June 14th email response, Mr. Ghods also indicated that he

would be unwilling to agree to a stipulation that reserved the parties' existing rights. *See* Ex. A.

6. On June 15, 2011, I again emailed Mr. Ghods to inform him that we agreed to an extension of either ninety (90) days from June 24, 2011 or thirty (30) days from a decision by the MDL Panel not to transfer the matter, whichever comes first. I also informed Mr. Ghods that due to our disagreement concerning including a non-waiver provision in the proposed stipulation to extend time to answer, Defendants would seek *ex parte* relief. *See* Ex. A.

7. Mr. Ghods responded to this email by stating that Plaintiff has "no problem with the sensible extension of time." *See* Ex. A.

8. On June 20, 2011 at 11 a.m., I emailed Mr. Ghods to inform him that Defendants would be seeking this joint *ex parte* relief. In this email I: (1) informed Mr. Ghods that Defendants intended to file this joint *Ex Parte* Application, (2) described the substance of this Application, (3) identified the relief requested herein, and (4) noted that any opposing papers must be filed no later than 3 p.m. of the business day following service. Attached to this email was a copy of the Proposed Order filed with this *Ex Parte* Application. *See* Ex. A.

9. In response to my June 20th email, Mr. Ghods requested the addition of a new condition to the Proposed Order, stating, "I would agree if you add 'except to move to compel arbitration.'" *See* Ex. A. This condition apparently sought to waive Defendants' rights to move to compel arbitration. Previously, the parties had discussed the inclusion of a non-waiver provision in proposed stipulations to extend time. Now, Mr. Ghods has proposed an even more onerous condition – an *affirmative waiver* of *Defendants'* rights. Defendants do not believe that a

-2-

DECLARATION OF J. DURRANT ISO EX PARTE APPLICATION TO EXTEND TIME TO RESPOND

"sensible" extension of time should be conditioned on a waiver of Defendants' rights, and strongly oppose any such condition. As a result of this exchange, counsel for Defendants believes that Mr. Ghods will oppose this Application, although he has declined to explicitly say so, as of the time of this writing.

10. At 4:43 p.m. on June 20, 2011, I responded to Mr. Ghods' email and informed him that Defendants intended to file this *Ex Parte* Application, and that we expected him to oppose the Application, but not to oppose the actual extension of time. *See* Ex. A.

11. Attached hereto as Exhibit B, is a true and correct copy of pages 2-3 of Plaintiff's Reply to Opposition to Motion to Vacate Conditional Transfer Order CTO-4, which Plaintiff filed with the Judicial Panel on Multidistrict Litigation on May 25, 2011.

12. At this time, there is a multidistrict litigation pending in the United States District Court for the Southern District of New York entitled *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963 (the "Bear Stearns MDL Litigation"). The MDL Panel issued a Conditional Transfer Order ("CTO") transferring this matter into the multidistrict litigation. Plaintiff filed a motion to vacate the CTO and the parties have fully briefed this issue before the MDL Panel.

1  The experience of counsel for Defendants is that the MDL Panel may take two-to-three months to render a decision on Plaintiff's objections to the CTO.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed this 20th day of June, 2011, at Los Angeles, California.

   By:  /s/ John S. Durrant
        JOHN S. DURRANT

# Exhibit A

**Wanner, Kathryn C.**

| | |
|---|---|
| **From:** | Durrant, John S. |
| **Sent:** | Monday, June 20, 2011 4:43 PM |
| **To:** | mkghods@gmail.com; A Moe Ghods; William Stahr; Jeremy Rhyne |
| **Cc:** | Wanner, Kathryn C. |
| **Subject:** | RE: Wang v. Bear -- extension of time to respond |

Mohammed,

We will go ahead and file our ex parte, and let the court know that, while you do not oppose the extension, you will oppose the ex parte application. For previous stipulations, we disagreed over whether a stipulation should contain a provision that the extension does not waive any rights -- i.e., a non-waiver provision. Now, you apparently want us to waive the right to arbitrate. Despite what you say about being "where we have always been on this point," an affirmative waiver of our rights has never previously been discussed. Unfortunately, this is not the first time we have had an agreement and you have attempted to add a new condition at the last minute.

John

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA 90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

---

**From:** mkghods@gmail.com [mailto:mkghods@gmail.com]
**Sent:** Monday, June 20, 2011 2:00 PM
**To:** Durrant, John S.; A Moe Ghods; William Stahr; Jeremy Rhyne
**Cc:** Wanner, Kathryn C.
**Subject:** Re: Wang v. Bear -- extension of time to respond

John, why not simply say "respond to the complaint". Or if you want to be more wordy, then I would agree if you add "except to move to compel arbitration". I think we are exactly where we have always been on this point. Thanks

Sent via BlackBerry from T-Mobile

---

**From:** "Durrant, John S." <JohnDurrant@paulhastings.com>
**Date:** Mon, 20 Jun 2011 13:45:48 -0700
**To:** <mkghods@gmail.com>; A Moe Ghods<mghods@ghodslaw.com>; William Stahr<wstahr@ghodslaw.com>; Jeremy Rhyne<jrhyne@ghodslaw.com>
**Cc:** Wanner, Kathryn C.<kathrynwanner@paulhastings.com>
**Subject:** RE: Wang v. Bear -- extension of time to respond

Mohammed, I have pasted the text of the very short order below. I trust that someone else from your office can approve, if you are indisposed. Thanks, John

# [PROPOSED] ORDER

WHEREAS the current date to respond to the Complaint in the above-captioned matter is June 24, 2011;

WHEREAS, plaintiff Vivine H. Wang has opposed a transfer of this matter to the multidistrict litigation pending in the United States District Court for the Southern District of New York entitled *In re: The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, MDL No. 1963 (the "Bear Stearns MDL Litigation") for coordinated or consolidated pretrial proceedings;

WHEREAS, the Panel for the Bear Stearns MDL Litigation has not yet ruled on whether this matter should be transferred;

WHEREAS, good cause exists to grant defendants The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joe Yi Zhou, and Garrett Bland (collectively, "Defendants") an extension of time to answer, move against, or otherwise respond to the Complaint to and until the earlier of the following: (1) September 22, 2011; or (2) thirty (30) days after a decision by the MDL Panel not to transfer this case to the Bear Stearns MDL Litigation;

It is hereby ORDERED that the Court grants Defendants an extension of time to answer, move against, or otherwise respond to the Complaint to and until the earlier of the following: (1) September 22, 2011; or (2) thirty (30) days after a decision by the MDL Panel not to transfer this case.

IT IS SO ORDERED.

DATED:


By: _____

Hon. Philip S. Gutierrez

United States District Court Judge

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

**From:** mkghods@gmail.com [mailto:mkghods@gmail.com]
**Sent:** Monday, June 20, 2011 1:40 PM
**To:** Durrant, John S.; A Moe Ghods
**Cc:** William Stahr; Wanner, Kathryn C.
**Subject:** Re: Wang v. Bear -- extension of time to respond

Hi John I am at a deposition. I probably won't get a chance to look at this until this evening. Thanks

Sent via BlackBerry from T-Mobile

**From:** "Durrant, John S." <JohnDurrant@paulhastings.com>

6/20/2011

Exhibit A   Page 7

Date: Mon, 20 Jun 2011 13:31:45 -0700
To: <mghods@ghodslaw.com>; <mkghods@gmail.com>
Cc: William Stahr<wstahr@ghodslaw.com>; Wanner, Kathryn C.<kathrynwanner@paulhastings.com>
Subject: FW: Wang v. Bear -- extension of time to respond

Mohammed,

Just wanted to let you know that we have signoff from all counsel and we will be filing the ex parte to extend the time to respond later this evening. Your response, if any, will be due by 3 p.m. tomorrow.

We would appreciate you letting us know if you are OK with the language in the proposed order (attached) as soon as possible.

Thanks,
John

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA 90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

---

From: Durrant, John S.
Sent: Monday, June 20, 2011 11:02 AM
To: 'mghods@ghodslaw.com'
Cc: William Stahr; Wanner, Kathryn C.
Subject: RE: Wang v. Bear -- extension of time to respond

Mohammed,

I have attached the proposed order we intend to submit with our ex parte to extend the time to respond. I believe this is consistent with our discussions regarding the extension, but please let me know if you see any issues with this.

I am waiting for final sign off from all counsel on this, but expect to file the ex parte later today or tomorrow. Your response, if any, would be due by 3 p.m. of the day following the filing of the ex parte.

Regards,

John

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA 90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com |

www.paulhastings.com

---

**From:** mkghods@gmail.com [mailto:mkghods@gmail.com] **On Behalf Of** Mohammed Ghods
**Sent:** Thursday, June 16, 2011 8:58 AM
**To:** Durrant, John S.
**Cc:** William Stahr; Wanner, Kathryn C.
**Subject:** Re: Wang v. Bear -- extension of time to respond

Thanks John. We have no problem with the sensible extension of time.

On Wed, Jun 15, 2011 at 3:08 PM, Durrant, John S. <JohnDurrant@paulhastings.com> wrote:

> Mohammed,
>
> Thanks for your response. I think an extension should be fine along the lines you suggest -- 90 days or 30 days from a decision by the MDL panel not to transfer the matter (whichever comes first). I will verify with the other defendants.
>
> Regrettably, we continue to disagree about a non-waiver provision in a stipulation. So, we will draw up some *ex parte* papers, even though it seems we are in general agreement regarding the requested relief. I plan to send you a copy of the proposed order before we file it. I hope we will be able to tell the court that, while we could not reach agreement regarding the form of a stipulation, we do agree regarding the relief requested in the proposed order.
>
> Regards,
> John
>
> ---
>
> **John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA 90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705
> | johndurrant@paulhastings.com | www.paulhastings.com
>
> > **From:** mkghods@gmail.com [mailto:mkghods@gmail.com]
> > **Sent:** Tuesday, June 14, 2011 9:55 AM
> > **To:** Durrant, John S.; A Moe Ghods; William Stahr
> > **Cc:** Wanner, Kathryn C.
> > **Subject:** Re: Wang v. Bear -- extension of time to respond
> >
> > John, thank you for the email. We can agree to the following:
> >
> > (1) an extension of 90-days (from June 24) of the time to respond, or within 30 days of MDL Panel's decision, whichever occurs first.

As you indicated, that is the extent of it. Thanks

Sent via BlackBerry from T-Mobile

---

**From:** "Durrant, John S." <JohnDurrant@paulhastings.com>
**Date:** Mon, 13 Jun 2011 16:43:15 -0700
**To:** <mghods@ghodslaw.com>; William Stahr<wstahr@ghodslaw.com>
**Cc:** Wanner, Kathryn C.<kathrynwanner@paulhastings.com>
**Subject:** Wang v. Bear -- extension of time to respond

Mohammed,

As you know, the current date to respond to the Complaint is June 24. With the Multidistrict Litigation transfer issue still unresolved, we propose a further extension in the time to respond. To that end, we would ask that you stipulate to:

(1) an extension of 90-days (from June 24) of the time to respond;
and
(2) an agreement that the submission and entry of the stipulation shall not waive any rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

Given the way our discussions have played out for previous extensions, we expect that you will not agree to the second of these proposals. If that is the case, we will again have to file an *ex parte* application seeking an extension. We would like to be able to tell the Court that, while Ms. Wang and Bear disagreed on non-waiver language, both parties agreed that a 90-day extension would be appropriate in this case.

We decided to ask you for a 90-day extension, because we believe such time will be sufficient for the MDL Panel to reach its decision regarding transfer and, thus, should obviate the need for further piecemeal extensions. Neither Ms. Wang nor Bear should want to litigate this case in the Central District of California, so long as there is a significant possibility of transfer of the matter to the Southern District of New York. Notably, even Ms. Wang appears to concede that the "sensible route to take" would involve transfer of this case to the MDL proceedings in the Southern District of New York. (Reply to Opposition to Motion to Vacate Conditional Transfer Order CTO-4 at 2-3 (noting willingness to transfer case, albeit

only for "coordination" purposes).) Accordingly, a 90-day extension of the time to respond will conserve the resources of the Court and of our respective clients.

As soon as possible, please let me know whether you (1) will agree to a 90-day extension and (2) will agree to a non-waiver of rights as a result of submitting the Stipulation.

Regards,

John Durrant

---

**John Durrant** | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071 | direct: 213 683 6144 | main: 213 683 6000 | direct fax: 213 627 0705 | johndurrant@paulhastings.com | www.paulhastings.com

************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
************************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any

attachments.

For additional information, please visit our website at www.paulhastings.com.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:   As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:   As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# Exhibit B

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 1963 – IN RE: THE BEAR STEARNS COMPANIES INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

Vivine H. Wang v. The Bear Stearns Companies LLC, et al., )
C.D. California, C.A. No. 2:11-02624                     )          MDL No. 1963

REPLY TO OPPOSITION TO MOTION TO VACATE

CONDITIONAL TRANSFER ORDER CTO-4

~~For instance, Bear Stearns simply overlooks the many relevant procedural~~ facts that favor not transferring Mrs. Wang's case, such as the confused state of affairs that would result if this Honorable Court were to transfer Mrs. Wang's action to SDNY at this late stage. Specifically, Mrs. Wang's brand new individual action would be automatically -- and Mrs. Wang submits, unconstitutionally -- *consolidated* with the 2-½ year old class action case that she just opted out of. (*See* Mrs. Wang's Exhibits, Exhibit E, Judge Sweet's January 6, 2009 Order, page 10, ¶ 21) Where is the logic and efficiency in that result? If transferred, Mrs. Wang (the involuntarily transferred plaintiff) would then have the additional burden of trying to convince the transferee court, on an expedited schedule, that her case is exceptional and should only be "coordinated" rather than consolidated together with all of the other transferred cases but one.

The Panel will note that the procedural postures of Mrs. Wang's lawsuit and MDL 1963 are quite different. In MDL 1963, which has been pending since 2008, a lead counsel appointed by Judge Sweet is prosecuting a consolidated securities class action complaint (which survived Bear Stearns' motions to dismiss) on behalf of several other plaintiffs and class members. The lead parties and their counsel are now actively engaged in discovery and other pre-trial activities and procedures, including adoption of a case management order. Soon, it appears they will be litigating a major class certification motion. (*See* Opposition, page 12, fn. 6) None of those class-related issues concern Mrs. Wang at this point, now that she has opted out of the class. Nor have any of the defendants in her case answered or otherwise responded to the complaint. The two cases are obviously on entirely different paths at this point and for good reason.

Mrs. Wang reminds the Panel that, in an effort to avoid having to bring this motion to vacate (and yet another motion in SDNY if a transfer is ordered), Mrs. Wang offered to stipulate to a transfer and coordination of her action with the

consolidated class action, which was a sensible route to take. However, Bear Stearns flatly refused. (*See Id.,* Exhibit E, pp. 1-2, April 27, 2001 letter) ("[W]e are not prepared to enter into a stipulation regarding the transfer of Mrs. Wang's action for coordination purposes only." "Deloitte similarly is not prepared to enter into Mrs. Wang's proposed stipulation") Bear Stearns was "not prepared" to stipulate to such a result, and instead arrogantly argued in its opposition that a "transfer will not impact [Mrs. Wang's] 'opt out' election." (Opposition, page 12) How could it not?

Additionally, even if successful in obtaining coordination only after a transfer to SDNY, Mrs. Wang would still effectively lose complete control of her case to the lead counsel prosecuting the class action she just opted out of, unless she could also convince the transferee court (via yet another motion) that her counsel should be treated differently and allowed to actively participate in MDL 1963 on her behalf. Bear Stearns' only response to this confused state of affairs is to say "so what?" and declare Mrs. Wang's election to opt out "premature." (Opposition, page 12, fn. 6; p. 13) Bear Stearns cites no law whatsoever in support of its "not ripe" position, however, and Mrs. Wang has found none. And, while Bear Stearns suggests that this Panel "frequently transfers actions, [sic] like this one" (Opposition, page 7), Mrs. Wang has been unable to locate a single case that dealt with a similar situation where a class member who had opted out of a class before a settlement had been reached had his or her case transferred back into the class action and consolidated with it. It defies logic, of course, to do this and creates numerous problems.

Lastly, Bear Stearns' effort to parlay a prior transfer "victory" -- by suggesting that Mrs. Wang's lawsuit is "virtually identical" to her husband's 2008 lawsuit -- is completely misguided and actually quite the misleading red herring.

First, Mrs. Wang's case varies from her husband's in numerous respects. Among the many differences that Bear Stearns seems to have missed, Mrs. Wang's lawsuit was purposefully filed in federal court and plainly includes its own claims for

3