| | |
|---|---|
| 1 | GHODS LAW FIRM |
| | Mohammed K. Ghods (SBN 144616) |
| 2 | William A. Stahr (SBN 167870) |
| | Jeremy A. Rhyne SBN 217378) |
| 3 | 2100 N. Broadway, Ste. 300 |
| | Santa Ana, CA  92706 |
| 4 | Telephone:   (714) 558-8580 |
| | Facsimile:    (714) 558-8579 |
| 5 | |
| 6 | Attorney for Plaintiff |
| | *VIVINE H. WANG* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | VIVINE H. WANG, an individual, | Case No.  CV11-02624 PSG (SSx) |
| 12 | Plaintiff, | |
| 13 | v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT *EX PARTE* APPLICATION FOR AN ADDITIONAL EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** |
| 14 | THE BEAR STEARNS COMPANIES LLC, a Delaware limited liability company formerly known as The Bear Stearns Companies Inc.; J.P. MORGAN SECURITIES LLC, a Delaware limited liability company formerly known as Bear, Stearns & Co., Inc.; J.P. MORGAN CLEARING CORP, a Delaware corporation formerly known as Bear, Stearns Securities Corp.; DELOITTE & TOUCHE LLP, a limited liability partnership; ALAN D. SCHWARTZ, an individual; ALAN C. GREENBERG, an individual; JOEY ZHOU, an individual; and GARRETT BLAND, an individual, | |
| | Defendants. | |

Plaintiff VIVINE H. WANG ("Plaintiff") responds to the Joint *Ex Parte* Application brought by all Defendants as follows:

1

1. Plaintiff does not oppose the requested extension of time for Defendants to respond to the Complaint, as her counsel informed Defendants' counsel numerous times. Thus, this *ex parte* application, like the two prior ones, is complete overkill, unnecessary and brought in violation of the Court's local rules advising that ex parte applications are designed solely for extraordinary relief. (*See Mission Power Eng. Co. v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D.Cal. 1995).)

2. Specifically, in numerous responses to repeated messages and emails from attorney Durrant, Plaintiff's counsel (Mohammed Ghods) has always agreed to a simple stipulation to extend the time for Defendants to respond to the complaint. Such a simple stipulation is all that is and has ever been warranted and necessary under the circumstances. For some reason, such a simple stipulation has never been good enough for Defendants' counsel, who continues to demand that additional language be included in any proposed stipulation or proposed order.

3. It is specious for Defendants to argue that Plaintiff's counsel was trying to condition a stipulated extension of time on Defendants' waiver of rights. (Application, page 1, lines 9-11; page 3, lines 11-23) As Plaintiff's counsel repeatedly informed Defendants' counsel in connection with Defendants' very first ex parte application, Plaintiff contends that Defendants have already waived their right to arbitrate, if any, and now every additional court request related to their desire and efforts to have the case transferred to SDNY to be litigated there only confirms and is consistent with such waiver. Obviously aware of the issue, Defendants now routinely try to "un-ring the bell" or "have their cake and eat it too" by lacing their proposed stipulations and proposed orders with "non-waiver" language that they apparently intend to argue at some future unknown point in time as support for their anticipated non-waiver argument. If anyone is adding unnecessary and unacceptable language to any proposed order or stipulation, it is and has always been Defendants. A full read of Plaintiff's counsel's 2:00 pm email on June 20th establishes this very point, once again. (*See* Exhibit A attached to the Declaration of John Durrant, at page 5) ("John, why not simply say 'respond to the

complaint.' ")

4.    While Plaintiff submits that this *ex parte* application was unwarranted and obviously disputes Defendants' self-serving suggestion that a transfer of this case to SDNY by the JPMDL is warranted and a certainty, Plaintiff remains amenable to the requested extension of time. Yet, only a simple straight-forward order is required to accomplish the task of extending Defendants' due date for responding to Plaintiff's complaint, not the defective rambling order proposed by Defendants that contains unnecessary and inaccurate language. As such, once again, Plaintiff submits herewith a basic proposed order for the Court's consideration.

Respectfully submitted

DATED: June 21, 2011

GHODS LAW FIRM

By: _____
MOHAMMED K. GHODS
WILLIAM A. STAHR
JEREMY A. RHYNE
*Attorneys for Plaintiff*
VIVINE H. WANG