UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK, U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

IN RE: THE BEAR STEARNS COMPANIES INC.
SECURITIES, DERIVATIVE AND EMPLOYEE
RETIREMENT INCOME SECURITY ACT (ERISA)
LITIGATION

    Vivine H. Wang v. The Bear Stearns Companies LLC, et al., )
        C.D. California, C.A. No. 2:11-2624 PSG (SSx) )    MDL No. 1963

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff in this Central District of California action moves to vacate our order that conditionally transferred her action to MDL No. 1963. Defendants in the action – The Bear Stearns Companies LLC (Bear Stearns), J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp., Deloitte & Touche LLP, Alan D. Schwartz, Alan C. Greenberg, Joey Zhou, and Garrett Bland – oppose the motion and favor inclusion of the action in MDL No. 1963.

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to the Southern District of New York, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is warranted for reasons set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing allegations regarding, *inter alia*, whether Bear Stearns and certain of its current and former officers and directors knowingly made material misstatements or omissions concerning the company's financial health that misled investors and caused investor losses when the company's stock price fell in March 2008. *See In re The Bear Stearns Co. Inc. Sec., Derivative and Emp. Ret. Income Sec. Act (ERISA) Litig.*, 572 F. Supp. 2d 1377 (J.P.M.L. 2008). In particular, the action before the Panel shares numerous questions with the earlier action brought by the plaintiff's husband, which the Panel transferred to MDL No. 1963.

The present plaintiff objects to inclusion of her action in MDL No. 1963, in part, because she intends to opt out of the class action in MDL No. 1963 and pursue her claims on an individual basis. The Panel, however, typically includes both individual actions and putative class actions in the same

---

[*] Judges John G. Heyburn II, Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _Shante Jones_

multidistrict proceeding when they arise from the same core of facts. *See, e.g., In re Bank of Am. Corp. Auction Rate Sec. (ARS) Litig.*, 598 F.Supp.2d 1377 (J.P.M.L. 2009) (centralizing actions brought on an individual basis with actions brought on behalf of putative classes in same multidistrict proceedings). Plaintiff can request the transferee judge to coordinate, rather than consolidate, her action with the securities class action in the MDL; the transferee judge has significant experience in multidistrict litigation and is in the best position to determine the structure of the pretrial proceedings before him. Indeed, he has already sustained the objections of at least one plaintiff in the MDL whose action is now being coordinated, but not consolidated, with the securities class action in MDL No. 1963.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.
Barbara S. Jones